MEYER BROTHERS v. T. J. WHITEHEAD.

1. SUMMONS. *Return of service falsified. Judgment vacated. Section 1533, Code 1880.*

   A defendant against whom a judgment by default has been rendered at the return term, upon a return of personal service of the summons made five days before the return day, may, under ¿ 1533 of the Code of 1880, at a subsequent term, have such judgment vacated by a motion for that purpose in the court where the judgment was rendered, and upon proof that the return of service of the summons is false, and that the writ was in fact served only four days before the return day thereof.

2. SAME. *Falsity of return. Issue submitted to jury.*

   In such case the court may cause an issue of fact to be made up to test the truth or falsity of the return of service of the summons and submit the same to a jury to be tried.

3. SAME. *False return. Judgment vacated. Effect.*

   Where a judgment is set aside in such circumstances the court should treat the case as pending, and require the defendant to plead at once.

APPEAL from the Circuit Court of Franklin County.

HON. J. B. CHRISMAN, Judge.

Meyer Brothers sued T. J. Whitehead in *assumpsit,* and at the March term, 1883, of the court recovered a judgment by default against the defendant. An execution was issued upon this judgment on the 14th of November, 1883, returnable to the March term, 1884, of the court. On the second day of the last-mentioned term the defendant made a motion to quash the execution and vacate the judgment upon which it was based, on the ground that the summons, upon the service of which the judgment was rendered, was served on the defendant only four days before the first day of the term to which it was returnable, and that the statement in the return on the writ that it was served five days before the first day of the return term was false. An issue of fact was made up between the parties to determine whether the summons was served on the defendant less than five days before the first day of the return term, and was submitted to a jury for trial. They found in favor of the defendant, and the court rendered a judgment quashing the

execution and vacating the judgment. The plaintiffs then moved that "the court reinstate the case on the docket as a cause pending in the court," which motion was overruled and the plaintiffs appealed.

*W. P. Cassedy,* for the appellants.

1. The appellants insist that a record imports absolute verity and cannot be attacked by parol evidence. *Murrah* v. *State,* 51 Miss. 654; *Hahn* v. *Kelley,* 34 Cal. 391; *McDonald* v. *Leewright,* 31 Mo. 29; *Callen* v. *Ellison,* 13 Ohio St. 446; *Johnston* v. *Jones,* 2 Neb. 126; *Wilcox* v. *Kassick,* 2 Mich. 165; *Granger* v. *Clark,* 22 Me. 128; *Cook* v. *Darling,* 18 Peck. 393; *Funerrand* v. *Lenard,* 7 Allen 54; *Lightsby* v. *Harris,* 20 Ala. 409; *Coir* v. *Haven,* 30 Conn. 190.

2. The proper remedy would have been in a direct proceeding against the judgment in the chancery court, as was the case in *Duncan* v. *Gerdine,* 59 Miss. 550.

3. However the court may believe as to this question, this cause ought to be reversed and remanded as a case pending in the court below.. If the return of the sheriff was one day too late, then the return was good for the next term, and the case erroneously went off of the docket. The plaintiff ought not to be made to suffer by the wrong of the sheriff.

*Sessions & Cassedy,* for the appellee.

Did the court possess the power after the lapse of the term to set aside the judgment,.founded, as it was, upon a false return of the officer?

It has been decided by this court that this may be done by the chancery court on a proceeding commenced for that purpose. *Duncan* v. *Gerdine,* 59 Miss. 550.

We can see no reason why the circuit court does not possess the same power in a direct proceeding for that purpose when the judgment is sought to be enforced and no intervening right has accrued. The judgment is not a verity when founded upon a false return and is questioned in a direct proceeding between the parties to it.

In some States the courts have held that the return may be shown to be false, even in a collateral proceeding. *Master* v. *Gray,* 19 Kans. 458.

CAMPBELL, C. J., delivered the opinion of the court.

Section 1533 of the Code of 1880 provides that "the return of the officer serving any process may in the same action be shown to be untrue by either of the parties," and removes all ground of objection to a proceeding by writ of error *coram nobis*, or motion as a substitute for it, before the court which has rendered judgment on a false return of service of a summons to vacate such judgment.

In *Mayfield* v. *Barnard*, 43 Miss. 270, it was held that the defendant, who desired to question the officer's return of service of a summons in a pending action, should plead in abatement. In this case judgment was taken at the first term upon service of the summons, which appeared by the return to be good to uphold a judgment at the return term. If in fact it was not served until within five days of the return day, it did not require the appearance of the defendant until the next term after that to be held within five days. Section 1525 of the code. On his appearance at that term there was no pending case, for judgment was rendered at the first term. The party could not plead. All he could do in that court was to proceed to vacate the judgment. This is what was done at the subsequent term, to which an execution issued upon the judgment was returnable. It was competent for the court to direct an issue to try the question of the alleged falsity of the return of the officer as to the service of the summons.

The jury found the issue in favor of the defendant, and the court refused to disturb the verdict, and vacated and annuled the judgment rendered on the return thus found to be false. In this there was no error. But when the judgment was vacated the court should have treated the case as a pending one, and should have required the defendant to plead at once, so as to entitle the plaintiff to a trial and judgment if found to be entitled to it.

*Judgment reversed, and judgment here vacating the judgment by default, and taxing the appellant with the costs of the trial of the motion to vacate and the cost of entering the judgment by default, and case restored to the docket of the circuit court to be proceeded with as if no judgment by default had been given, and remanded to be proceeded with in the court below.*