## P. S. JOINER, ADMINISTRATOR, *v.* DELTA BANK.

1. VOID SUMMONS. *Returnable instanter. Judgment vacated.*

A summons issued during a term of court, returnable instanter, is a nullity, and, notwithstanding it is properly served, a judgment based thereon, though not taken until the next term, is void, and may be vacated on motion. So held in respect to a summons for the representative of a deceased defendant, and where the judgment recited due and legal service of summons.

2. SAME. *Void summons; not amendable. Code 1880, § 2286.*

Such summons, not being returnable as required by law, is not amendable under § 2286, code 1880, authorizing an amendment where any thing required to be inserted in or indorsed upon process is omitted.

3. SUPREME COURT. *Reversal. Appearance. Further proceedings.*

On appeal from a judgment void for want of legal summons, the court will reverse and remand, but the defendant will be held to be in court for further proceedings.

FROM the circuit court of Leflore county.

HON. R. W. WILLIAMSON, Judge.

The Delta Bank sued P. S. Joiner in the court below. The defendant died after the suit was instituted. The record is silent as to whether he was ever served with process. On the thirteenth day of July, 1892, during a term of court,

the cause was revived in the name of the administrator of his estate, and a summons was issued for the administrator, returnable instanter. This summons was executed personally on the administrator July 14, 1892, and the court remained in session eight days thereafter. . No appearance was entered, and, at the subsequent term, February, 1893, judgment by default was rendered, reciting that it appeared that "the defendant had due and legal service of summons, and has failed to appear and plead." On June 22, 1893, the administrator filed a petition, setting out the above facts—that no legal summons had been served upon him, that he had never appeared and made himself a party to the suit, and that judgment by default had been rendered. The petition further showed that a writ of garnishment, based upon said judgment, had been served upon one Johnson. The prayer of the petition was that the judgment should be set aside and held for naught, and that the writ of garnishment should be quashed. This petition came on to be heard at the July term, 1893, when the application was overruled; thereupon, the administrator presented a bill of exceptions embodying the facts, and prosecuted this appeal.

*S. R. Coleman*, for appellant.

The summons issued for appellant during the term of court, returnable to the same term, was void, and its service gave the court no jurisdiction. The statute fixes the return-day of such process. If issued within five days of a term of court, the same must be made returnable to the next term. The failure to observe this requirement made the summons a nullity. 22 Am. & Eng. Enc. L., p. 188, note 1; *Ib.*, p. 191.

The recital of the judgment that it appearing that the defendant had due and legal service of summons would preclude the garnishee from objecting, but not the defendant. *Sadler* v. *Lodge*, 59 Miss., 572.

*A. H. Longino*, for appellee.

1. As the judgment was not taken until the next term

after service, it is immaterial that the summons was made returnable to the term then in session. A proper construction of § 1525, code 1880, sustains this view.

The return-term in an action at law is the first term after the summons has been legally issued. 35 Miss., 399.

If it be conceded that the clerk, in issuing the summons, made it returnable at a wrong time, this is not fatal to the judgment, which was entered more than six months after the date of service. Strict compliance with the statute is not necessary to give jurisdiction. 1 Freeman on Judgments, p. 215.

From the moment of service the court had jurisdiction, and its subsequent proceedings, however erroneous, are not void. *Ib.*, § 126.

Only void judgments can be set aside at a subsequent term of court. The object of the summons was to give the defendant notice. This was accomplished, and the court acquired jurisdiction, although the proceedings may have been irregular. 1 Freeman on Judgments, p. 215; 2 *Ib.*, § 545.

2. The judgment recites that the defendant had been legally summoned. It is to be presumed that the court acted on ample evidence as to this, and the judgment cannot be assailed collaterally. 1 Freeman on Judgments, p. 231. The defendant failed to show that he was not otherwise summoned than by the irregular writ complained of.

3. The appeal is from the order overruling the application to set aside the judgment, and not from the judgment itself. Section 32, code 1892, does not seem to contemplate the right of appeal in such case.

CAMPBELL, C. J., delivered the opinion of the court.

The summons issued during the term of court, and returnable *instanter*, was a nullity, and did not confer jurisdiction on the court by virtue of its service. It was not amendable by virtue of § 2286 of the code of 1880, for it was not conformable to law in its command. If it had been returnable

as required by law—§ 1525, code of 1880—and any matter required to be inserted was omitted, it would have been amendable; but it was, in its frame and purpose, violative of law, and good for nothing—without form and void as a summons—and the person served was under no obligation to pay any attention to it, and had the right to have it vacated at any time on petition or motion; and it was so good for nothing as to be subject to collateral attack by anybody whenever it was brought into question. There must be an effort to conform to law to entitle to the claim of mere irregularity in process.

The judgment refusing to vacate the judgment will be reversed, and, in pursuance of the long settled practice of this court, without any statute, the appellant will be held to be in court as a party to the suit for such further proceedings as may be had in the pending cause.

*Reversed and remanded.*