JOHNSON v. FERGUSON.[*]

(Division A.    Nov. 15, 1926.)

[110 So. 230.    No. 25937.]

REPLEVIN. *Verdict and judgment merely for certain sum for plaintiff, where defendant gave forthcoming bond, held erroneous, but it should be for restoration of property or for value and for damages (Hemingway's Code, section 3062).*

Where defendant in replevin gave forthcoming bond, if plaintiff recover, verdict must assess value of property or of plaintiff's interest therein if a limited one, and also any damages for wrongful taking and detention or for wrongful detention, and

judgment must be in accordance with Hemingway's Code, section 3062 (Code 1906, section 4233), for restoration of the property, if to be had, or payment of its value, or of plaintiff's interest therein, as assessed by verdict, and for payment of damages so assessed for wrongful taking and detention or for wrongful detention.

*Corpus Juris-Cyc. References: Replevin, 34 Cyc, p. 1548, n. 17.

APPEAL from circuit court of Newton county.

HON. G. E. WILSON, Judge.

Action by Mrs. Ruby Ferguson, by next friend, R. L. Ferguson, against R. L. Johnson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*F. K. Ethridge,* for appellant.

*W. M. Everett,* for appellee.

COOK, J., delivered the opinion of the court.

The appellee, a minor, by her husband, as next friend, instituted a suit in replevin against the appellant, seeking to recover possession of a Ford automobile and damages for its detention, and from a judgment against the appellant for the sum of one hundred dollars this appeal was prosecuted.

From the testimony for the appellee, it appears that before her marriage she and Miss Frances Scott purchased the car in question from the M. R. Adams Auto Company, of Meridian, Miss., for the sum of seven hundred thirteen dollars, one hundred eighty-nine of which was paid in cash and the balance evidenced by monthly notes in which the title to said automobile was reserved in the seller until all of the notes were paid. These notes were assigned to the Meridian Finance Corporation, and after the first of these notes had been paid the appellee purchased Miss Scott's interest in the automobile for the sum of twenty-five dollars. Thereafter, on Decem-

ber 29, 1923, the appellee wrote a letter to the Meridian Finance Corporation advising them that she had decided not to keep the car and would make no more payments on it, and that she would deliver it to the seller upon demand. On December 31, 1923, she wrote a similar letter to the seller, the M. R. Adams Auto Company. The appellee testified that neither the Adams Auto Company nor the Meridian Finance Corporation called for the car, and that in February, 1924, she delivered it to the appellant under an agreement that he would sell it for a sum sufficient to pay the balance due on the car and net a profit of one hundred dollars, to be equally divided between appellee and appellant, and that appellant failed to sell the car in accordance with this agreement and was asserting ownership thereof in himself.

The appellant testified that the car was turned over to him as a representative of the Meridian Finance Corporation, and that he delivered it to said corporation and afterwards purchased from this corporation for the sum of five hundred dollars, which had been fully paid.

The court granted the appellee an instruction, which authorized the jury if they found for the appellee, to return a verdict for a sum of money to be fixed by them. The jury returned a verdict for the appellee for the sum of one hundred dollars, and upon· this verdict, a judgment was rendered against the appellant and the sureties on the replevin bond for the payment of one hundred dollars, interest, and costs. This was erroneous and necessitates a reversal of the judgment. Section 4233, Code of 1906 (section 3062, Hemingway's Code), provides that:

"If the plaintiff recover, and the defendant has given bond for the property, the judgment shall be against the defendant and the sureties on his bond, that they restore the property to the plaintiff, if to be had, or pay him the value thereof, or of his interest therein, if a limited one, as assessed by the verdict of the jury, and that they pay to the plaintiff such damages as shall have been assessed by the jury for the wrongful taking and

detention, or for the wrongful detention thereof.''

Where the defendant in replevin has given bond for the forthcoming of the property, as was done in this case, if the plaintiff recover, the verdict of the jury must assess the value of the property or the plaintiff's interest therein, if a limited one, and also the damages, if any, for the wrongful taking and detention, or the wrongful detention of the property, and the judgment must be in accordance with the provisions of the foregoing section. The judgment of the court below will therefore be reversed and the cause remanded.

*Reversed and remanded.*