SINQUEFIELD v. VALENTINE.

(Division B. April 6, 1931.)

[133 So. 210. No. 29341.]

Collins & Collins, of Laurel, for appellant.

T. Webber Wilson and Ellis B. Cooper, both of Laurel for appellee.

Anderson, J., delivered the opinion of the court.

Appellee, W. P. Valentine, was by the chancery court of Jones county appointed guardian of his grandchildren, H. B. Sinquefield, Jr., aged five, and Mary Elizabeth Sinquefield, aged four, and made an order on their father, the appellant, that he give the children into the custody of their grandfather. This order was duly served on appellant, who refused to obey it. Thereupon appellant was cited and tried for a contempt of the court for disobedience of the order. He was adjudged guilty, and sentenced to confinement in the county jail until he complied with the order. From that judgment of the court appellant prosecutes this appeal.

Appellant's contention is that the order of the court requiring him to turn the children over to their grandfather was void; therefore, under the law he was guilty of no contempt because of his disobedience of the order.

On the 10th day of September, 1930, the grandfather filed his petition in the chancery court of the Second district of Jones county, asking that he be appointed guardian of the grandchildren. On the same day, without notice to, and an opportunity to be heard on the part of, the father, the prayer of the petition was granted. On the 10th day of October, 1930, the chancery court

made a decree annulling that decree, and ordering the sheriff of the county to deliver the children back to the father. On the 11th day of October, 1930, the chancery court without notice to and hearing appellant, made still another decree, annulling both of the former decrees, and ordering the children to be turned back to the grandfather. On the 13th day of October the court made an order that the latter decree be by the sheriff served on the father, which was accordingly done. The father refused to obey the order, and retained the custody of the children. For disobedience to this order it was adjudged that the father was in contempt of the court, and that he be confined in the county jail until he should comply with the order.

The decrees of the court here involved were the identical decrees before this court in the habeas corpus proceeding between the same parties, reported in 132 So. 81. In that case the court held the decrees void, because they were entered by the chancery court without notice to, and opportunity to be heard on the part of, appellant. The court held that due process required such notice and an opportunity to be heard.

The question, therefore, in the case is whether or not the father, in refusing to turn over the custody of his children to their grandfather, under a void order of the court, requiring him to do so, could be adjudged in contempt of court. On the authority of McHenry v. State, 91 Miss. 562, 44 So. 831, 833, 16 L. R. A. (N. S.) 1062, the question must be answered in the negative. The court said in that case, among other things:

"It is a misconception to suppose that only in a case where the court has no jurisdiction over the particular suit can one safely disobey the order of a court. A court may have jurisdiction, in a general sense, of the particular suit, as regards both its subject-matter and the parties to it, and yet the court may make, in the trial of

that particular case, an order which, regard being had to the nature of the suit, the court has no power whatever to make.· Such an order is an absolute nullity, not a mere irregularity; and both where general jurisdiction at all to entertain the particular cause is wanting, and also where, such general jurisdiction existing, the court, in the progress of the trial of the particular cause, makes an order wholly void, there is wanting utterly the predicate for any contempt process for disobedience to such. order.''

Reversed, and judgment discharging appellant.