FEDERAL CREDIT Co. *v.* ROGERS *et al.*

(Division A. May 15, 1933.)

[148 So. 353. No. 30387.]

W. M. Hutto, of Waynesboro, for appellant.

Chas. M. Wright and Russell Wright, of Meridian, for appellees.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment of the court below in a case brought to it from the court of a justice of the peace on a writ of certiorari. The record certified by the justice of the peace presents a suit in replevin by the appellant against Britton for the recovery of an automobile which was valued in the replevin affidavit and in the return on the writ at two hundred dollars. Britton gave a forthcoming bond therefor with Sims, Sullivan, and Rogers as sureties thereon. The judgment rendered by the justice of the peace is as follows:

"This cause this day coming on to be heard and the plaintiff appearing in court and the defendant also appearing in court and it appears that defendant is making no defense, the same being a suit in replevin and by agreement of both parties plaintiff and defendant the following verdict is hereby entered, to-wit:

"It is hereby ordered by the court that the plaintiff, Federal Credit Company, have and recover of and from the defendant the possession of the automobile truck

sued for to-wit; One Chevrolet Truck, Chasis, one and one-half ton, 1929, Model, Motor No. 503554, of the value of one hundred sixty-nine dollars and ten cents, together with the sum of twenty-five dollars and thirty-six cents attorneys fee, being fifteen per cent of the principal as provided in said note.

"It is further ordered by the court that the plaintiff recover judgment against the defendant D. F. Britton, and the sureties on his bond, A. L. Rogers, J. C. Sims, and F. C. Sullivan, in the aggregated sum of one hundred ninety-four dollars and forty-six cents, together with all cost of court in this cause.

"It is further ordered by the court that the defendant may elect to pay this judgment or surrender said property, same to be sold as required by law and the proceeds applied to the judgment."

The court below modified this judgment so as to eliminate therefrom the personal judgment against the sureties on the bond set forth in the third paragraph thereof. In the absence of an agreement to the contrary, the judgment to be rendered against the sureties on the forthcoming bond of a defendant in an action of replevin is that they restore the property replevied or pay the value thereof, and, in addition, for costs and damages, if any. By agreement, however, an absolute money judgment may be rendered against the defendant and the sureties on his replevin bond, Starling v. Sorrell, 134 Miss. 782, 100 So. 10, 11, and, as there held, the consent of the sureties to the judgment need not affirmatively appear therefrom, for "by signing the bond they became responsible and liable to satisfy any valid judgment rendered against the principal." On the face of the record, therefore, to which the court below was confined (section 72, Code 1930), the judgment of the justice of the peace appears to be valid.

Three other defects are alleged to appear in the record, because of which it is said that the justice of the peace

was without power to render the judgment. First, the replevin affidavit was not marked "filed" by the justice of the peace; second, the affidavit does not disclose the name of the person alleged to have unlawfully detained the automobile; third, the bond obligates Britton and his sureties to have the automobile "before the Justice Court of District One of Wayne County, to be held at Buckatunna, Mississippi, on the 18th day of April, A. D. 1931," without disclosing the name of the particular justice of the peace. All of these complaints are without merit. The omission of the defendant's name in the replevin affidavit could have been cured by amendment, as also could have been the alleged defect in the bond, if defect in fact it is.

The judgment of the court below will be reversed; the judgment of the justice of the peace will be affirmed, and a judgment will be rendered, as the court below should have done, for the appellant on the appellee's bond for the writ of certiorari.

Reversed, and judgment here for the appellant.