HORNE *v.* MOOREHEAD *et al.*

(Division B. Feb. 5, 1934.)

[152 So. 495. No. 31013.]

(Division B. March 19, 1934.)

[153 So. 668. No. 31013.]

Ross R. Barnett, of Jackson, for appellant.

**Voller & Teller,** of Vicksburg, for appellees.

Argued orally by **Ross R. Barnett**, for appellant.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an action in replevin instituted by D. B. Moorehead upon an affidavit charging that a certain Chevrolet truck had been wrongfully taken from his actual possession within thirty days past and was being wrongfully detained by Mrs. C. B. Horne in the First district of Hinds county, Mississippi; and that said affiant was entitled to the immediate possession thereof and to make the first bond. Plaintiff gave bond in the sum of five hundred dollars with Monroe Miles and J. C. Hamilton as sureties; the truck was taken possession of under said bond, and a plea of not guilty was entered by Mrs. C. B. Horne.

On the return day in the circuit court, a judgment was entered by agreement between D. B. Moorehead and Mrs. C. B. Horne, defendant, that she was entitled to a judgment in the sum of one hundred eighty-three dollars, "including principal, interest and attorney's fees," against D. B. Moorehead, and reciting that the defendant (Mrs. Horne) was entitled to a lien on said truck, and adjudging that said truck be sold for the purpose of paying said judgment, and all costs of the suit, including sale of said truck. The truck was sold and purchased by Mrs. C. B. Horne for nineteen dollars and twenty-five cents, amount of costs of the suit.

Execution was thereupon issued against Monroe Miles and J. C. Hamilton, and returned with the notation that no property was found subject to execution. Pending the return of this execution, Hamilton and Miles moved to quash same on a number of grounds, among others being that the judgment entered was void and without their consent, and that a judgment could not be entered without their consent; that such judgment rendered was not for the value of the property, but was for the amount of the debt, interest, and attorney's fees; and that such judgment was not authorized by their bond or by the statute. The court sustained the motion to quash, and from this judgment, this appeal is prosecuted, and D. B. Moorehead is not a party to this appeal.

The bond given by Monroe Miles and J. C. Hamilton contains the following language: "Be in full force and effect, unless the said D. B. Moorehead, the principal and plaintiff, shall prosecute to effect his writ of replevin against Mrs. C. B. Horne, the defendant, for one (describing it) truck . . . now delivered to the said plaintiff, upon the execution of this bond; and shall without delay return said property to the said Mrs. Horne, the defendant, if return thereof be adjudged, and shall pay to the said Mrs. C. B. Horne such damages as she may sustain by the wrongful suing out of the said writ and such costs, as may be awarded against him, and save harmless the officer who replevied said property."

Section 3091, Code 1930, provides the form of plaintiff's replevin bond, reading: "Unless the said ——————, the principal and plaintiff, shall prosecute to effect his writ of replevin against ——————, the defendant, for certain property (here describe the property and give the value of each article separately), and now delivered to the said plaintiff upon the execution of this bond; and shall, without delay, return said property to the said ——————, the defendant, if return thereof be adjudged,

and shall pay to the said ———— such damages as he may sustain by the wrongful suing out of the said writ, and such costs as may be awarded against him, and save harmless the officer who replevied said property.''

It will be seen from the quotation from the bond executed in the case at bar, and that from the statute itself, that the obligation is to return the property and pay such damages as might be sustained by the wrongful suing out of said writ.

Section 3095, Code 1930, provides that when property is not taken, the plaintiff may elect to sue for its recovery and damages for the wrongful taking thereof as if he had thus commenced the action.

In the case at bar, the property was taken and turned over to the plaintiff. Therefore, there was no authority to proceed under section 3095, Code 1930, unless all the parties had consented thereto. The condition upon which the plaintiff could proceed in personam did not exist in this case.

Instead of the judgment being for damages to the property and for its return, it was merely for a debt, and condemned the property to be sold as though the proceeding was for the purchase money for the work. The sureties' contract did not bind them to any judgment except such as was authorized to be rendered in that proceeding. The judgment taken in this case was not so authorized, and the sureties were not parties to any agreement to a change of the form of the action.

This case is distinguished from Starling v. Sorrell, 134 Miss. 782, 100 So. 10, and Federal Credit Company v. Rogers, 166 Miss. 559, 148 So. 353.

The terms of the statute and the bond in question, being the plaintiff's bond, are different from section 3087, Code 1930, where the defendant gives the bond. Under section 3088, where the defendant gives bond, the condition is: ''Unless the said principal obligor and defendant shall have certain personal property, to-wit: (here describe the property specifically and fully,

giving the value of each item or article separately) before the ——— court . . . to satisfy the judgment of said court in the action of replevin by said plaintiff against said defendant for said property." See Cook v. Waldrop, 160 Miss. 862, 133 So. 894; note to 51 A. L. R. 1489; 21 R. C. L. 975.

We find no error in the action of the court in quashing the execution, and the judgment is affirmed.

Affirmed.

### ON SUGGESTION OF ERROR.

**Anderson, J.,** delivered the opinion of the court on suggestion of error.

The judgment is one that under the law could not have been rendered by the court except by agreement of the parties and the sureties on the replevin bond. The judgment does not recite that the sureties agreed to it; on the contrary, it recites that it was rendered by agreement of the plaintiff and the defendant. It is true that a motion to quash an execution and vacate the judgment upon which it was issued is a collateral attack on the judgment; nevertheless, such an attack can be made where the judgment is procured by fraud or is void on its face. The judgment here involved was void on its face, because no such judgment could be rendered except as the result of the consent of the parties, including the sureties on the replevin bond.

Where a judgment is either void on its face or void for fraud in its rendition, it may be attacked collaterally in the court rendering it, and such collateral attack may be made at a subsequent term of the court by a proper proceeding. A motion to quash the execution is one such proceeding. Butler v. State, 12 Smedes & M. 470, 1 Mor. St. Cases, 428; Harper v. Barnett, 16 So. 533 (not reported [in state reports]); Meyer Bros. v. Whitehead, 62 Miss. 387; Newman v. Taylor, 69 Miss. 670, 13 So. 831; Joiner v. Bank, 71 Miss. 382, 14 So. 464.

Suggestion of error overruled.