ROAD MATERIAL AND EQUIPMENT COMPANY *v.* McGOWAN, et al.

No. 40301 December 17, 1956 91 So. 2d 554

612

*Harmon W. Broom,* Jackson, for appellant, Road Material & Equipment Company, Inc.

616

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellant, Stribling Bros. Machinery Company.

*Crisler, Crisler & Bowling,* Jackson, for appellee, Arch McGowan.

618

*Byrd, Wise & Smith,* Jackson, for appellee, Mississippi Road Supply Company.

*Crisler, Crisler & Bowling,* Jackson, for appellees, Arch McGowan, et ux.

ETHRIDGE, J.

This case involves questions of whether the circuit court has power in a replevin suit to render a money judgment for debt against the defendant, and, if not, whether such money judgment is later subject to collateral attack by the defendant in replevin.

In December 1950 appellant, Road Material and Equipment Company, Inc., filed an affidavit in replevin in the Circuit Court of the First Judicial District of Hinds County. The affidavit stated that defendant-appellee, Arch McGowan, was in possession of a dragline machine with certain accessories of the value of $5,000, was wrongfully detaining it, and plaintiff was entitled to its immediate possession. At the same time plaintiff filed a declaration in replevin which charged that it had sold the dragline machine to defendant under a conditional sales contract with installment notes, defendant had defaulted, and the debt was due. The declaration demanded judgment against McGowan for the balance of the debt with interest, and immediate possession for plaintiff. A writ of replevin was issued and served upon defendant to answer ''the wrongful detaining of such property''.

McGowan made no answer to the suit, so on March 8, 1951, the circuit court entered the default judgment against him which is the subject of attack in this case. This 1951 judgment was in two parts: (1) It adjudged that plaintiff recover from McGowan the sum of $6,374.-50; (2) it adjudged that plaintiff should recover immediate possession of the dragline machine. In serving the writ of replevin the sheriff took possession of the dragline, but neither party gave bond for its interim possession. After the judgment of March 8, 1951, and in accord therewith, possession was delivered to plaintiff.

About four and one-half years after the judgment of March 8, 1951, appellant filed, on August 24, 1955, a suggestion for writ of garnishment, alleging that the Mississippi State Highway Department had certain funds in its hands belonging to appellee McGowan. A writ of garnishment was issued and served upon the Highway Department, and later other similar writs were issued and served. Intervention petitions were filed by appellees, Mississippi Road Supply Company, Stribling Brothers Company, and Mrs. Arch McGowan. The two com-

panies claimed under assignments of the funds held by the Highway Department, and Mrs. McGowan contended that half of the funds in question were owned by her personally.

On January 3, 1956, appellee Arch McGowan filed in the circuit court a motion to correct the judgment of March 8, 1951. The motion alleged that the part of the earlier judgment which gave appellant a money recovery against appellee in the replevin suit was void, because the court had no jurisdiction and power to render a money decree in a replevin action. The circuit court sustained this motion, and in its judgment of April 12, 1956, it corrected the judgment of March 8, 1951, so as to strike therefrom that part in which a money judgment was given against appellee. The court retained the part in which appellant was granted possession of the dragline machine. In other words, the circuit court in its judgment of April 12, 1956, corrected and vacated in part the judgment of March 8, 1951, so as to remove therefrom the money judgment against defendant. From that action appellant has appealed. On April 13, 1956, the circuit court entered a judgment providing for distribution of the funds in the hands of the highway department among the several appellees. There is no complaint or cross appeal with reference to this distribution as between the appellees, but appellant contends it is invalid as to appellant.

The first question is whether the circuit court had any authority or power to decree on March 8, 1951, a money judgment against McGowan upon the alleged debt owed plaintiff, as well as a judgment in favor of plaintiff for possession of the property.

The effect of the Mississippi statutes is summarized in 46 Am. Jur., Replevin, Sec. 122: "Under modern statutes, however, it is usually held that the judgment in such case should be in the alternative for the possession of the property or the value thereof in case a delivery cannot be had, and damages for its detention. The pur-

pose of such statutes is to settle in the one suit all questions that might arise out of the unlawful taking or detention of the property.

"In case the person entitled to possession has only a special interest or lien, the judgment should be for the return of the property or the value of his interest or lien."

 Replevin is one of the most ancient writs known to the common law, but the remedy of replevin is now regulated by statute. Code of 1942, Secs. 2841-2869. Although founded upon a tortious detention of property, it is not one to determine claims sounding in tort. It is analogous to an action of trespass, but is in part a proceeding in rem, to regain possession, and in part a proceeding in personam, to recover damages for the caption and detention. It is a possessory action, the gist of which is the right of possession in plaintiff. The primary relief sought is the return of the property in specie; damages are merely incidental. 46 Am. Jur., Replevin, Secs. 4, 3.

Code Section 2862 provides the form of judgment where no bond is given, as here: "If bond be not given and the property remain in the hands of the sheriff or other officer, the value of the property and the damages sustained shall be assessed, and judgment shall be for the recovery of the property, and the damages assessed against the party liable, and the sheriff or other officer shall deliver the property to the successful party, and execution shall issue for damages and costs of suit."

 It is well established that where the plaintiff has a limited interest in the chattel, by way of security for payment of any balance due on the purchase price, the judgment should be for return of the property or, in the alternative, for the value of plaintiff's interest therein measured by the balance due with interest and damages. Martin v. Coker, 204 Miss. 576, 594-595, 37 So. 2d 772 (1948); North v. Delta Chevrolet Co., Inc., 188 Miss.

252, 194 So. 478 (1940); Fanning v. C. I. T. Corporation, 187 Miss. 45, 192 So. 41 (1939).

██ ██ Because the gist of a replevin action is possessory and damages are only incidental, it is well established that, in the absence of a consent judgment agreed upon by both parties, a judgment in replevin cannot be for debt, but must be in the alternative. Starling v. Sorrell, 134 Miss. 782, 100 So. 10 (1924); Federal Credit Co. v. Rogers, 166 Miss. 559, 148 So. 353 (1933); Porter Hardware Co. v. Peacock, 129 Miss. 129, 91 So. 856 (1922); Evans v. Junius Hart Piano House, 140 Miss. 467, 106 So. 9 (1925); Johnson v. Ferguson, 144 Miss. 464, 110 So. 230 (1926); Horne v. Moorehead, 169 Miss. 362, 152 So. 495, 153 So. 668 (1932).

Frierson v. Miss. Road Supply Co., 221 Miss. 804, 75 So. 2d 70 (1954) does not affect that rule. There it was held that an action of replevin was not maintainable, since the suit should have been brought by the trustee, but that the declaration sufficiently stated a cause of action in debt to support a personal judgment for the balance due plaintiff by defendants.

██ ██ In summary, the 1951 judgment of the circuit court is void on its face insofar as it purports to give appellant, plaintiff below, a personal judgment for debt against appellee. That part of the judgment was beyond the power of the circuit court to render in a replevin suit, in the absence of an agreement of the parties, which the 1951 judgment by default affirmatively shows did not exist.

██ ██ The circuit court had the power to later amend its 1951 judgment so as to remove therefrom the provisions awarding plaintiff a money judgment against defendant. This power exists as part of the inherent power of the court to correct invalid and void provisions in its judgments. ██ ██ The general rule is stated in 49 C. J. S., Judgments, Sec. 266, page 479: "It has been held, without reference to the term or time at which the judg-

ment was rendered, that the inherent power of a court to open or vacate its judgment may be exercised when the judgment is void, or when there has been a procedural or jurisdictional defect or where a question of fraud or other collateral issue is raised,''. Harper v. Barnett, 16 So. 533 (Miss. 1895); Meyer Bros. v. Whitehead, 62 Miss. 387 (1884); Joiner v. Delta Bank, 71 Miss. 382, 14 So. 464 (1893); cf. Duvall v. Duvall, 80 So. 2d 752, 81 So. 2d 695 (Miss. 1955).

49 C. J. S., Judgments, Sec. 334b states: ''Invalidity of a default judgment rendering it void, as distinguished from merely voidable or erroneous, is ground for vacating it, as where the judgment is invalid for want of jurisdiction of the person, or where the judgment is based on a defective affidavit for publication of summons, or where the court is without jurisdiction to adjudicate the question determined or to give the particular relief granted.'' The judgment must be ''according to established modes governing the class to which the case belongs, and . . . not transcend, in the extent or character of its judgment, the law which is applicable to it.'' 31 Am. Jur., Judgments, Sec. 583.

Here the circuit court was administering a specific remedy defined by statute, replevin. It rendered a judgment which did not accord with the established rules in replevin cases, and transcended in the extent of its judgment the law which is applicable to it, and to the court's powers. Hence, ''the absence of jurisdiction of a court to render a particular judgment constitutes sufficient cause for a collateral attack upon the judgment''. 31 Am. Jur., Judgments, Section 597; McHenry v. State, 91 Miss. 562, 44 So. 831 (1907); Doe, ex dem. Smith v. Roe, 4 S. & M. 261 (Miss. 1845). In the instant case the want of power in the court to render the personal judgment in replevin appears upon the face of the record. 31 Am. Jur., Judgments, Sec. 604.

In Horne v. Moorehead, 169 Miss. 362, 152 So. 495, 153 So. 668 (1932) it was held that a money judgment could not be rendered in a replevin suit except by agreement of the parties. The court sustained a motion to quash a writ of execution. On suggestion of error it was held: "It is true that a motion to quash an execution and vacate the judgment upon which it was issued is a collateral attack on the judgment; nevertheless, such an attack can be made where the judgment is procured by fraud or is void on its face. The judgment here involved was void on its face, because no such judgment could be rendered except as the result of the consent of the parties, including the sureties on the replevin bond.

"Where a judgment is either void on its face or void for fraud in its rendition, it may be attacked collaterally in the court rendering it, and such collateral attack may be made at a subsequent term of the court by a proper proceeding. A motion to quash the execution is one such proceeding."

In McHenry v. State, 91 Miss. 562, 44 So. 831, (1907) McHenry and Barber were adjudged guilty of contempt of the circuit court. An election was held on whether to divide Harrison County into two court districts. The elections commissioners canvassed the returns and made a report thereof to the board of supervisors, which failed to take any steps declaring results of the election. Various citizens of the county petitioned the circuit court for a writ of mandamus to compel the board to meet and act upon the report of the election commissioners. The board of supervisors made a motion for a court order to direct McHenry, Chairman of the Election Commissioners, to appear and deposit with the court the ballot boxes, tally sheets and tickets, in order that the board of supervisors might inspect them and be enabled to answer the petition. The court so ordered, but McHenry, acting under the advice of his attorney Barber, declined to produce

the ballot boxes and returns. They were thereupon adjudged in contempt of court.

On appeal the convictions were reversed and contempt proceedings dismissed. It was held that the law placed on the election commissioners the duty to determine the results of the election, and that the board of supervisors performed only a ministerial act in declaring the results of the election; that therefore the order to McHenry to produce the ballot boxes, etc. was invalid, since there was no power in the court to inquire into the election. The circuit court "undoubtedly has jurisdiction generally to try a mandamus proceeding", but it must be tried according to its inherent nature, limited in scope. The Court said: "A court may have jurisdiction, in a general sense, of the particular suit, as regards both its subject-matter and the parties to it, and yet the court may make, in the trial of that particular case, an order which, regard being had to the nature of the suit, the court has no power whatever to make. Such an order is an absolute nullity, not a mere irregularity; and both where general jurisdiction at all to entertain the particular cause is wanting, and also where, such general jurisdiction existing, the court, in the progress of the trial of the particular cause, makes an order wholly void, there is wanting utterly the predicate for any contempt process for disobedience to such order . . .

" 'It is an axiom of the law that judgments entered without any jurisdiction are void, and will be so held in a collateral proceeding; and there is a strong and growing tendency in all the courts to hold that, although a court had jurisdiction over both the person and the subject-matter, but did not have the jurisdiction to enter the particular judgment entered in the case, such judgment is void, and may be collaterally impeached.' Perhaps the word 'power' should be used in place of 'jurisdiction' in the last clause of this sentence, to prevent confusion of thought." See also Sinquefield v. Valentine, 160 Miss. 61, 133 So. 210 (1931).

The circuit court therefore had the inherent power to vacate in part and to correct the 1951 judgment. Moreover, that part of the judgment awarding plaintiff a money judgment was separate and distinct from the replevin provision awarding plaintiff possession of the chattel, and the former may be considered independently in determining its validity. A judgment may be good to the extent it is authorized by law and bad for the residue. The invalid, divisible part may be treated in proper cases as a nullity. The invalidity of the separable portion of the judgment does not affect the remainder of it. 31 Am. Jur., Judgments, Sec. 405; Spencer v. Franks, 173 Md. 73, 195 A. 306, 114 A. L. R. 263 (1937). Accordingly a court having power to vacate a judgment entirely may grant less relief by vacating it in part only, where justice so requires. 49 C. J. C., Judgments, Secs. 302, 301.

Affirmed.

All justices concur except Gillespie, J., who dissents.

GILLESPIE, J. dissenting.

This case is a difficult one to resolve with assurance. With deference, I disagree. What we have, I think, is a voidable judgment; one entered through error and which would have been reversed or set aside on direct attack; but not void. Not being void, it is unassailable collaterally.

In the original suit resulting in the judgment under attack, plaintiff, in a suit denominated in a replevin action, joined in one suit his affidavit and declaration in replevin, conforming in all respects with the procedural law, with a suit for a money judgment based on the note evidencing the purchase price of the property, in all respects making an adequate pleading in that respect. These two actions were not inconsistent. Plaintiff could have brought one action on his notes for the recovery of the purchase price of the property, and in the same court at the same time another action in replevin to re-

cover possession of the property to protect his lien. But he proceeded in the same suit, improperly joining the two causes of actions. It was simply a case of misjoiner, and defendant did not appear and object. Defendant could not have suffered an injustice without a remedy as a result of what was done. If plaintiff had failed to equitably deal with the property as security, defendant had his remedy.

A careful analysis of the cases cited do not reveal any authority of this jurisdiction authorizing a judgment debtor to wait until years have passed and collaterally attack such a judgment. Remedy for misjoinder is demurrer. 1 Am. Jur., Actions, Sec. 69; Potomac Ins. Co. v. Wilkerson, 213 Miss. 520, 57 So. 2d 158.

The court had jurisdiction of the parties and the subject matter. Under these circumstances "it is immaterial how irregular the proceedings, or how erroneous the judgment, may have been," the judgment may not be impeached collaterally. 31 Am. Jur., Judgments, Sec. 583.

The repute of courts and the solemnity of judicial proceeding are heavily involved in such a case as this. The presumption of validity of a final adjudication of a court is one of the strongest known to the law, more especially where the court is one of general jurisdiction.

I refrain from burdening the reports with the wealth of authority bearing on the questions involved, and express the hope that my apprehensions that this case will plague us in the future are unfounded.

## ON MOTION FOR ATTORNEYS' FEES AND TO CORRECT JUDGMENT

ETHRIDGE, J.

 ██ Appellees Arch McGowan and Mrs. Maude McGowan and their attorneys have filed a motion to allow attorneys' fees, and in effect to correct the judgment

of April 13, 1956, adjudicating disposition of the funds held by the State Highway Department among the appellees. This issue was not submitted for consideration by the trial court, and motion is here made for the first time. We have carefully considered this motion, and have concluded that this Court has no jurisdiction of the same as an original proposition. Hence the motion is dismissed without prejudice.

Motion for attorneys' fees dismissed without prejudice.

All justices concur.