GILLESPIE, Presiding Justice.
The decisive factual issue in this case is whether the evidence justified the trial court in finding that Whiteway Finance Company, Inc. (hereinafter Whiteway) obtained a default judgment against Oliver Parker and his wife through fraud. The principal legal question is whether a default judgment obtained through the fraud of the plaintiff may lawfully be set aside by the trial court at a subsequent term of court. On the factual issue we find the evidence ample. On the legal question we find the Court had the power to set aside a judgment obtained by fraud. The case is affirmed.
There is no conflict in the evidence. Appellant offered no evidence to dispute that of the appellees. Parker and his wife purchased a vacuum cleaner from Horton-Kirby and Company by executing a conditional sales contract and installment note for $354. In May of 1967, appellees had made only five payments of $14.75 each for a total of $73.75 and Whiteway repossessed the vacuum cleaner. On June 20, 1967, a representative of Whiteway wrote the Parkers that the vacuum cleaner had been sold for the sum of $60 and that there was a balance due on the contract of $220.25. On July 20, 1967, Whiteway filed suit against the Parkers for the $220.25 plus $55.06 attorney’s fee. Process was served on the Parkers on July 26, 1967.
*904 On August 7 a representative of White-way wrote Mr. Parker that the account had been turned over to an attorney for collection but that he was sure something could be worked out if Parker would visit his office. Mrs. Parker went to Jackson to talk with a representative of Whiteway on the 10th or 11th of August 1967. White-way’s representative told Mrs. Parker that if the back payments on the vacuum cleaner were paid, the vacuum cleaner would be redelivered, and it was agreed to accept $15 per month until full payment was made. At that time the representative of Whiteway said that he would call that afternoon to have the charges against the Parkers dropped if they would pay on the vacuum cleaner. On October 6, 1967, Mrs. Parker sent to the White System of Jackson, Mississippi, a check for $265, which was cashed and cleared through the bank. Mrs. Parker had made a payment by money order prior to sending the $265 check and this payment appears to have been for $15. On October 19,1967, Whiteway’s agent wrote Mrs. Parker that there was still a balance of $15.25 and $52.66 in court costs due and that the vacuum cleaner could not be released until these sums were paid. On October 24, 1967, Whiteway took default judgment against Mr. and Mrs. Parker for $275.31.
The Parkers filed a motion on December 5, 1967, to set aside and cancel the default judgment on the ground that the plaintiff was guilty of deceitful and fraudulent conduct in representing to the Court that the Parkers owed $275.31, when in fact, the entire indebtedness had been paid and in fraudulently inducing the Parkers to believe that suit against them had been dismissed.
The undisputed evidence shows that at the time the default judgment for $275.31 was entered against the Parkers there had been paid to representatives of Whiteway $353.75 in cash arid they were entitled to credit for $60 which Whiteway admits it received for the sale of the vacuum cleaner, making total credits at that time of $413.75. After Whiteway had written the Parkers that they owed $220.25, the Parkers paid $280, which would be more than sufficient to pay the claimed amount due plus attorney’s fee.
We are of the opinion that the trial court was fully justified in finding that the judgment was obtained through the legal fraud of the plaintiff. The facts constituting the fraud are clearly and convincingly proven, as the law requires, and the evidence thereto is undisputed. The fact that the trial judge found that the attorney for Whiteway did not know the debt had been paid does not constitute a defense to the charge that the judgment was obtained through fraud.
Courts have the inherent power to vacate a judgment at a subsequent term of court when the judgment is void because of fraud in its procurement or when the court lacks power to enter it. Taft v. Taft, 252 Miss. 204, 172 So.2d 403 (1965); Road Material and Equipment Co., Inc. v. McGowan, 229 Miss. 611, 91 So.2d 554, 92 So.2d 245 (1956). Under no circumstances could a court countenance the validity of the judgment in the present case. In the alternative appellant asks this Court to amend or correct the judgment in order to give judgment for appellant in a lesser amount, but we find no basis in the pleadings or the proof for such action.
This Court raised the question as to whether the judgment upon which the appeal is founded is a final one and whether the case is still pending on the docket of the trial court. Both parties agree that while there appears to be no appropriate order of the trial court finally dismissing the case, that all parties so understood and that the case was dismissed and no longer appears on the docket of the trial court. Under the particular circumstances we hold that the suit has been dismissed finally and that the affirmance of the trial court finally disposes of the suit against the Parkers.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.