SUGG, Justice,
for the Court:
The question involved in this appeal is whether a security interest in personal property under the Uniform Commercial Code may be enforced by resort to the remedy set forth in Sections 85-7-31 to 85-7-53 Mississippi Code Annotated (1972).[1]
On January 7, 1975 Robert Burns and Doris Jean Burns executed a security agreement in favor of Delta Loans, Inc. granting Delta Loans a security interest in furniture and appliances owned by the Burns to secure a debt to Delta. Delta filed proceedings under section 85-7-31, et seq. against the Burns and upon default a judgment was rendered against the Burns on October 21, 1975 in the amount of $682.50. The judgment authorized Delta to take immediate possession of the personal property described in the judgment and provided further that the property was,
To be sold at public or private sale and the proceeds of said sale applied on the *270 judgment of $682.50 having first paid all costs of sale, and all costs of this cause accrued and to accrue taxed against the defendant, together with interest from date of judgment .
Delta caused a writ of garnishment to issue against Doris Jean Burns on November 15, 1975 who filed a motion to vacate the judgment on December 19, 1975. Several grounds were set forth in the motion, but we will consider only the contention that a security interest in personal property cannot be enforced under section 85-7-31, et seq. because our resolution of this contention disposes of the case. The County Court denied the motion to vacate its judgment and, on appeal, the Circuit Court of the First Judicial District of Hinds County affirmed the County Court.
Section 75-9-501 Mississippi Code Annotated (1972) provides in part as follows:
When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this Part and except as limited by subsection (3) those provided in the security agreement. He may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure.
The action authorized by sections 85-7-31, et seq. is expressly limited by section 85-7-31 to the liens set forth in sections 85-7 — 1 to 85-7-9. A security interest in personal property created by the Uniform Commercial Code is not included in the liens set forth in sections 85-7-1 to 85-7-9. It therefore follows that procedure for enforcing such liens is not an available judicial procedure for enforcement of a security interest in personal property. An action brought under section 85-7-31, et seq. to enforce a Uniform Commercial Code security interest is void and is not saved by the statute of jeofails. Section 11-7-167 Mississippi Code Annotated (1972).
Delta argues, however, that a default judgment cannot be set aside after the term in which it is rendered. The judgment in this case was rendered at the October, 1975 term of County Court and the motion to vacate was filed during the December, 1975 term of County Court. Delta relies on Evers v. Truly, 317 So.2d 414 (Miss. 1975), Hayes Produce Co. v. Taylor, 213 Miss. 217, 56 So.2d 503 (1952) and other cases holding that when a final judgment is entered during a regular term and the court adjourns, the trial court no longer has jurisdiction over the subject matter of the case.
This argument overlooks the rule that courts have inherent power to correct invalid and void provisions in their judgments. In Road Material & Equipment Co. v. McGowan, 229 Miss. 611, 91 So.2d 554 (1956) a default judgment was entered on March 8, 1951 in a replevin case awarding plaintiff possession of personal property and also awarded plaintiff a money judgment in the sum of $6,374.50. On January 3, 1956 appellee filed a motion to correct the judgment of March 8, 1951 and the Court held:
In summary, the 1951 judgment of the circuit court is void on its face insofar as it purports to give appellant, plaintiff below, a personal judgment for debt against appellee. That part of the judgment Was beyond the power of the circuit court to render in a replevin suit, in the absence of an agreement of the parties, which the 1951 judgment by default affirmatively shows did not exist.
The circuit court had the power to later amend its 1951 judgment so as to remove therefrom the provisions awarding plaintiff a money judgment against defendant. This power exists as part of the inherent power of the court to correct invalid» and void provisions in its judgment. (229 Miss. at 625, 91 So.2d at 557).
It has long been the rule in this state that where a judgment is void it may be attacked by a motion to vacate in the court rendering the judgment at a subsequent term. Horne v. Moorehead et al., 169 *271 Miss. 362,153 So. 668 (1934), and cases cited therein. Although the county court had general jurisdiction of the subject matter, in a proper proceeding, it had no power to render a judgment for possession and for the amount of the debt in an action brought under the Enforceable Lien Statute seeking to enforce a Uniform Commercial Code security agreement.
At least two judicial remedies are available to Delta. It could have proceeded under the Claim and Delivery Statute, section 11-38-1, et seq. or under the new replevin statute, section 11-37-101 to 11-37-157 Mississippi Code Annotated (1972).
REVERSED AND RENDERED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, WALKER, BROOM and LEE, JJ., concur.
BOWLING, J., took no part.

. The remedy set forth by Section 85-7-31, et seq. is sometimes referred to as Summons and Seizure and is also called the Enforceable Lien Statute. The question of whether Summons and Seizure violates the due process rights of a debtor is not presented by this appeal, and we express no opinion thereon. See Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).