BRIDGES, C.J,
for the Court:
¶ 1. Bill Braekin d/b/a Braekin Auto Sales appeals the order of the Circuit Court of Bolivar County affirming the county court’s denial of his motion for relief from the summary judgment entered against him in favor of General L. Burton and Edward Norris. Braekin contends relief was mandatory under M.R.C.P. 60(b)(4) inasmuch as the summary judgment was void. We hold that Brackin’s attempt to attack collaterally the final judgment rendered by the county court by way of a Rule 60(b)(4) motion is not well taken and accordingly affirm the circuit court’s order affirming the county court’s denial of Brackin’s Rule 60(b) motion.
PROCEDURAL HISTORY
¶ 2. In January 1992, General L Burton of Boyle purchased for Edward Norris a 1989 Nissan Sentra from Bill Braekin, the owner of Braekin Auto Sales in Cleveland, for $5,500. On November 9, 1993, Burton and Norris filed a cause of action against Braekin for breach of warranty of title alleging Braekin did not have title to the 1989 Nissan Sentra, or, in the alternative, a discrepancy in the vehicle identification number on the necessary documents submitted to the State Tax Commission to transfer title to the car created a significant cloud over Brackin’s ownership in the 1989 Nissan Sentra to constitute a breach of warranty of title.
¶ 3. Answering the complaint on December 9, 1993, Braekin stated the error in the vehicle identification number on the application for certificate of title and odometer disclosure statement was a correctable typographical error which did not constitute a defect in the title to the vehicle. As an affirmative defense, Braekin attached a certified copy of the Texas certificate of title for the 1989 Nissan Sentra, VIN 1N4GB21S3KC787523 showing the original title had been issued August 28, 1989 to Agency Rent-A-Car, Inc. from Buckeye Nissan, Inc., and that no liens existed on the car. The copy was certified on September 16, 1993. The reverse side of the title certificate showed the following assignment and reassignments:
1. Assignment of title from Agency Rent-A-Car, Inc. to Weaver Auto Sales on October 21,1991;
2. First Reassignment Dealer Only from Weaver Auto Sales to North Central Enterprises, Inc. on October 23, 1991;
*464 3. Second Reassignment Dealer Only from North Central Enterprises to Brackin Auto Sales on October 28, 1991;
4. Third Reassignment Dealer Only from Brackin Auto Sales to General L. Burton on January 3,1992.
Thus, Brackin was the owner of record of the 1989 Nissan Sentra at the time of the sale to Burton.
¶ 4. Subsequently, Brackin filed a motion to dismiss the action under M.R.C.P. 12(b)(6) for failure to state a cause of action, a motion for sanctions under M.R.C.P. 11, a motion to dismiss Edward Norris as a plaintiff under M.R.C.P. 21, and a motion for summary judgment under M.R.C.P. 56.
¶ 5. Following a hearing on the motions, the trial court denied Brackin’s motions and granted Burton and Norris leave to amend the complaint pursuant to M.R.C.P. 15. In the amended complaint, Burton and Norris alleged Brackin breached a duty imposed by the procedures promulgated by the State Tax Commission to use ordinary care when recording the vehicle identification number on the application for certificate title, retail installment contract, odometer disclosure statement, and bill of sale. Brackin answered that the vehicle identification number on the Texas certificate of title and the vehicle itself matched and a typographical error on the documents of sale did not affect the validity of the title.
¶ 6. Again Brackin moved the trial court for summary judgment contending the plaintiffs failed to state a cause of action for breach of warranty of title. Attached to the motion was a copy of the certificate of title issued by the State of Mississippi to Burton dated February 8, 1994. Brackin also filed a motion to dismiss under M.R.C.P. 12(b)(6). Burton and Norris moved for a summary judgment or, alternatively, for partial summary judgment as to liability.
¶ 7. After hearing argument on the motions, the trial court denied Brackin’s motion for summary judgment and motion to dismiss and granted Burton and Norris’s motion for summary judgment on May 20, 1.994. The trial judge awarded Burton and Norris damages totaling $5,845.50: $3,757 for the breach of warranty of title calculated by reducing the retail installment contract price by the purchase price less the down payment ($8,357 — (5,500-500) ' = $3,757); $1,788.50 in attorney fees; and $300 for not complying with discovery requests.
¶ 8. On June 3, 1994, the trial court overruled Brackin’s objections to the May 20,1994 order granting summary judgment. Thereafter Burton and Norris executed a writ of garnishment on the summary judgment to The Cleveland State Bank. The Cleveland State Bank, which was indebted to Brackin in the amount of $5,934.73, tendered the funds into the coffers of the circuit court.
¶ 9. Brackin appealed the county court’s final judgment to the Bolivar County Circuit Court on June 15,1994, but the appeal was dismissed as untimely.
¶ 10. On November 14, 1994, Brackin filed a motion for relief from judgment or order under M.R.C.P. 60(b) in the county court requesting the court “to vacate the judgment and enter an order requiring the plaintiff to redeposit to Brackin’s bank account the monies received from execution upon the void judgment with legal interest thereon.”
¶ 11. On January 19, 1995, an order was entered authorizing the circuit clerk to release the garnished funds to Burton and Norris.
¶ 12. On July 22, 1996, the county court denied Brackin’s motion for relief from judgment or order, and Brackin perfected an appeal to the Bolivar County Circuit Court assigning as error:
(1) Brackin was deprived of his property without due process of law and was denied equal protection of the law in violation of the Fifth and Fourteenth *465 Amendments of the United States Constitution.
(2) The county court erred in denying Brackin’s motion for relief from judgment entered May 20, 1994 without a hearing on the motion.
(3) The county court erred in not setting aside the judgment entered May 20, 1994 as it was rendered on a pleading which stated no cause of action.
(4) The county court erred in not setting aside the judgment entered May 20, 1994 wherein damages were assessed without evidence and testimony presented in open court.
¶ 13. On August 22, 1997, the circuit court affirmed the final order of the county court denying Brackin’s motion for relief from judgment or order.
¶ 14. Subsequently, Brackin perfected this appeal reiterating the above assignment of errors.
ARGUMENT AND DISCUSSION OF THE LAW
WHETHER THE CIRCUIT COURT ERRED IN AFFIRMING THE COUNTY COURT’S DENIAL OF BRACKIN’S MOTION FOR RELIEF FROM SUMMARY JUDGMENT UNDER RULE 60(B)(4) OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE
¶ 15. Although Brackin lists several assignments of error, the crux of this appeal is whether the circuit court abused its discretion in affirming the county court’s denial of his Rule 60(b)(4) motion. This Court’s review of the circuit court’s affirmance of the county court’s denial of his motion for relief under Rule 60(b) is limited to a review of whether the circuit court abused its discretion; we will not review the merits of the case. Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984). “Rule 60(b) provides for extraordinary relief to be granted only upon a showing of exceptional circumstances, ... and not because a party is unhappy with the judgment.” Id. (citations omitted). However, if the judgment in question is deemed to be void, the grant of a Rule 60(b)(4) motion is mandatory. Sartain v. White, 588 So.2d 204, 211 (Miss.1991). In such a case the lower court has no discretion — the court must set the void judgment aside. Id. Thus, if the underlying judgment was void, the circuit court was required to reverse the county court’s denial of the motion for relief from the judgment. Failure to state a cause of action does not rise to the level of an extraordinary circumstance requiring that a judgment be declared void.
It is equally well settled that a judgment rendered by a court having no jurisdiction of the subject matter is void, not merely voidable, and may be attacked directly or collaterally, anywhere, and at any time. Such a judgment is a usurpation of power and is an absolute nullity.
[[Image here]]
But if a court has jurisdiction of the subject matter, it has the power to decide the case according to its own view of the law and the facts; the test of jurisdiction is whether the court has the right to enter on the inquiry, and not whether its methods were regular, its findings right, or its conclusions according to law. And jurisdiction should be distinguished from the exercise of jurisdiction. The authority to decide a case at all, and not the decision rendered therein, is what makes up jurisdiction, and when there is jurisdiction of the person and subject matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction. The test of jurisdiction is the power to act, not the correctness of its decision.
Nor is the test of jurisdiction determined by whether the complaint states a cause of action. When the court has jurisdiction of the parties and the subject matter, a judgment rendered on a complaint that does not state a good cause of action is not void and subject *466 to collateral attack; and when a court dismisses a petition or complaint for failure to state a good cause of action the dismissal in such case, when the proper parties are before the court and the court has general jurisdiction of the abstract question involved, is on the merits and not for lack of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law which must be decided after and not before the court has assumed jurisdiction of the cause.
Duvall v. Duvall, 224 Miss. 546, 552-553, 80 So.2d 752, 753-754 (1955) (citations omitted) (emphasis added). Thus, whether facts are alleged to show a breach of the duty to provide good title is not jurisdictional, even if it could be the basis of a Rule 12(b)(6) motion. Case’s Will v. Case, 246 Miss. 750, 759, 150 So.2d 148, 151 (1963).
¶ 16. Applying this standard of review to the case sub judice, Bolivar County Court had the authority to hear this suit on breach of warranty of title, and Brackin was properly under the personal jurisdiction of the court. Therefore, the county court had the authority to proceed in this case against Brackin. Brackin asserts that the pleading upon which the summary judgment was based stated no cause of action, thus rendering the judgment void, and the county court was required to grant his Rule 60(b)(4) motion. However, each case cited by Brackin came before the Mississippi Supreme Court from a default judgment wherein the defendant had had no opportunity to argue its case. Overbey v. Murray, 569 So.2d 303 (Miss.1990); Bryant v. Walters, 493 So.2d 933 (Miss.1986); Road Material & Equip. Co. v. McGowan, 229 Miss. 611, 91 So.2d 554 (Miss.1956). Certainly, when a defendant does not appear and a default is entered, it is imperative that the trial court make certain a cause of action exists before granting judgment.
¶ 17. Here, Brackin was afforded ample opportunity to present his arguments to the lower court. Indeed, his initial Rule 12(b)(6) motion alleging that the complaint failed to state a cause of action resulted in Burton and Norris amending the complaint. When Brackin again asserted that no cause of action was stated in the amended complaint by way of summary judgment motion, the trial court heard argument before denying Brackiris motion. After the trial court granted Burton and Norris’s motion for summary judgment against Brackin, Brackin filed his objection to the findings of fact, conclusions of law and order granting summary judgment. The trial court overruled Brackiris objections and the final judgment was entered on June 3, 1994. Brackin sought appellate review of the summary judgment; however, he failed to perfect his appeal to the Circuit Court of Bolivar County within the statutorily mandated ten days from the date of entry of the final judgment. Miss. Code Ann. § 11-51-79 (1972).
¶ 18. By filing a motion for relief from judgment or order under Rule 60(b) in the county court, Brackin attempts by way of a Rule 60(b) motion what he was barred from doing by his untimely filing of an appeal to the circuit court. The validity of the summary judgment could be attacked only upon a direct appeal from the county court to the circuit court within the time set forth by statute.
¶ 19. The county court had authority under law to enter a summary judgment against Brackin, and did not abuse its discretion in denying Brackiris Rule 60(b) motion. Likewise, the circuit court did not err in affirming the county court’s denial of Brackin’s motion for relief from the summary judgment. We affirm the judgment of the circuit court affirming the county court’s denial of Brackiris motion for relief from the summary judgment.
¶ 20. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
*467 McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, IRVING, KING, LEE, PAYNE, AND SOUTHWICK, JJ„ CONCUR.