Captain Archie Goins Sergeant Luther Lonetree Sergeant Bill Holohan Detective Franklin Snell Detective Clay Thomas Detective Mikeal Bates Officer Robert Bean Officer Charles Bowen Officer Adam Holland Fort Smith Police Department 100 South 10th Street Fort Smith, AR 72901
Dear Sirs:
You have each requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that a request has been presented to the Ft. Smith Police Department for a copy of all of your personnel files. I have been provided with a copy of the request. It does not identify any particular records in the files, but rather, seeks access to all personnel files. In addition, the request asks for access to records reflecting the salary paid to each employee and the contracts of any employees who are under contract. Some of you have stated your belief that this request relates to the recent dismissal of certain department employees. Most of you have indicated a belief that the release of your file would constitute an invasion of your privacy.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of this file is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). It is my understanding that the custodian has determined that the requested records will be released.
I have not been provided with copies of any of the requested records and therefore cannot opine definitively concerning the releasability of any particular record. Nevertheless, I will discuss the legal principles that apply to the types of records that are generally contained in personnel files. In the course of this discussion, I will specifically mention the releasability of salary records and employee contracts. I will also discuss items of information that are typically of particular concern, such as addresses, personal family information, and insurance coverage.
In order to determine whether the documents contained in your personnel files are releasable, it will be necessary to determine the proper classification of those documents. Personnel files typically contain documents that constitute either "personnel records" or "job performance/employee evaluation records" (within the meaning of the FOIA). Some of the documents may also fall within one of the FOIA's specific exemptions from disclosure, such as the exemption for "medical records." See A.C.A. § 25-19-105. Some of the documents, even if disclosable, may contain information that is exempt from disclosure. If so, such information should be redacted prior to disclosure of the record.
The Disclosability Standard for Personnel Records
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10).
What is a Personnel Record?
An initial question, then, is whether the records in your personnel files constitute "personnel records." It is my opinion, as explained more fully below, that if these records pertain to your employment, but are not employee evaluations or job performance records, they would most likely be held by a court to constitute "personnel records."
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has noted that "[w]ith the exception of employee evaluation and job performance records, virtually all records pertaining to individual employees, former employees, or job applicants" are personnel records. Watkins, TheArkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
If the records in your personnel files are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of your personal privacy.
What is a "Clearly Unwarranted Invasion of Personal Privacy"?
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. If the custodian of the records has determined factually, upon the basis of the balancing test, that the release of the personnel records in your personnel files would not constitute a clearly unwarranted invasion of your personal privacy, the records should be released. (As noted previously, however, some of the personnel records in your files may fall within a specific exemption from disclosure. See
A.C.A. § 25-19-105.)
Regarding the requested salary records and employee contracts, it is my opinion that these records constitute personnel records, and that their release would not constitute a clearly unwarranted invasion of your personal privacy. The courts have found relatively little privacy interest in such records. See, e.g., Kruzon v. Department of Health HumanServices, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980). Other items of information that are commonly held to be open are names, dates and places of birth, training or education background, and work experience. Id.
Public employees are often particularly concerned about releasing personal information such as home addresses, telephone numbers, information about family members, and information about insurance coverage. There is authority for withholding information of this nature from disclosure under the appropriate factual circumstances. In Stilleyv. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998), the Arkansas Supreme Court upheld a custodian's decision to withhold from release certain police officers' home addresses. In upholding that decision, the Stilley
court applied its traditional balancing test between the privacy interest and the public interest. In doing so, the court specifically considered the fact that where police officers are concerned, this information can carry a heightened potential to be used for purposes of harassment, nuisance, and of people attempting to contact the subject at home, or endangering their families' safety. This fact, coupled with the fact that the requestor of the information had not requested it for the purpose of gaining knowledge about the inner workings of government (the purpose of the FOIA), led the court to conclude that in that case, the privacy interest in this information outweighed the public interest in it.
On the basis of the Stilley decision, I conclude that where police officers are concerned, it is permissible to withhold home addresses, telephone numbers, and information about family members. In addition, I note that this office has consistently opined that information about insurance coverage may be withheld from disclosure. See, e.g., Ops. Att'y Gen. Nos. 99-016; 96-134; 96-133; 95-110; 94-235; 87-042.
The Standard of Disclosability for Employee Evaluation/Job PerformanceRecords
Some of the records in your personnel files may constitute "employee evaluation/job performance records." Under the FOIA, "employee evaluation/job performance records" are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
It should be noted that if there has been no suspension or termination, employee evaluation/job performance records may not be released. Thus, if the record is your employee evaluation/job performance record, and you have been neither suspended nor terminated, the record may not be released.
What is an Employee Evaluation/Job Performance Record?
The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If any of the records in your personnel files are, in fact, employee evaluations or job performance records, the above-stated three-part standard must be applied.
The question of whether there has been a final administrative resolution of a termination or suspension of any employee and the question of whether the requested records formed a basis for any such termination or suspension are clearly questions of fact that can be readily determined. Any employee evaluation/job performance records in your personnel file can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
What is a "Compelling Public Interest"?
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins also notes that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id. at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information. Any employee evaluation/job performance records that may be in your personnel files can be released only if the custodian has determined factually that there was a suspension or termination, that the records in question formed the basis for that suspension or termination, and that there is a compelling public interest in the records.
Unvestigations
Because some of you have mentioned your belief that the pending request stems from certain recent dismissals and the investigation that was conducted in relation to those dismissals, I must say a word about investigations. I have consistently taken the position that records that were generated as part of an investigation of allegations of the misconduct of an employee, and that detail incidents that gave rise to an allegation of misconduct, should be deemed the "employee evaluation/job performance records" of that employee and their releasability should be analyzed under the standard for such records. See Ops. Att'y Gen. Nos.2000-231; 2000-203; 2000-130; 1999-361; 1999-359. However, records that were not solicited by the department should be deemed "personnel records," and their releasability should be analyzed under the standard that is applicable to such records, rather than the standard that is applicable to "employee evaluation/job performance records." See Ops. Att'y Gen. Nos. 2000-231; 2000-203; 2000-058.
Constitutional Privacy
Some records and information in your personnel files may be withheld from disclosure even if it is not subject to a specific exemption from disclosure — if it rises to a level worthy of constitutional protection. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. SeeMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure. This potential constitutional issue must be considered before any document is disclosed.
Redactions
As a final matter, I reiterate that the custodian should scrutinize any records that he determines to be releasable, prior to releasing them, for the purpose of identifying any information that might be subject to a special exemption from disclosure under the FOIA, such as social security numbers. Any such information that is identified should be redacted from these documents prior to their release.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General