STARLING *v.* SORRELL *et al.**

(Division B.    May 12, 1924.)

[100 So. 10.    No. 23980.]

1. JUDGMENT.  *When consent judgment in replevin is void on face.*
A consent judgment in a replevin suit is not void upon its face unless it show either, (1) want of jurisdiction over the subject-matter, (2) want of jurisdiction over the parties to the action or some of them, or (3) want of power to grant the relief contained in the judgment.

2. JUDGMENT.  *Consent judgment in replevin held not void on face as to sureties; judgment not void on face because not in alternative.*
The judgment in this case examined, and *held* not to show any such want of jurisdiction and is not void upon its face.

*Headnote 1.    Judgments, 23 Cyc., p. 682;  2.  Judgments, 23 Cyc., p. 682.

APPEAL from circuit court of Leflore county.
HON. S. F. DAVIS, Judge.

Suit by Henry Starling, trustee, against J. H. Sorrell and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

*R. C. McBee,* for appellant.

It will be observed that the judgment nowhere attacks the sufficiency of the declaration, but strikes at the judgment sued on. The judgment sued on was in favor of the plaintiff, Henry Starling, and was against J. H. Sorrell, defendant, and B. B. Harper and Lucile Richburg, sureties. The first ground of demurrer on which the ruling of the lower court was based challenges the sufficiency of this judgment on the ground that "because it is an agreed judgment and the sureties on the replevin bond are not shown to have agreed thereto." That is to say that two of the defendants, to-wit: B. B. Harper and Miss Lucile Richburg, did not agree to the judgment.

## I.

There is no difference in legal effect between a judgment by consent or agreement and one rendered by a decision of the court. 11 Encyc. of Pleading and Practice, 1028. There is no question but that the court had jurisdiction of the parties and of the subject-matter. There is no question of fraud raised in the pleading, and therefore the judgment is binding so far as these elements are concerned. 34 Cyc. 1584, 1585, 1586. "A surety on a replevin bond, although not a party to the action, is concluded by the judgment therein by the force of his undertaking." *Lee* v. *Grimes,* 4 Colo. 185; *Nimocks* v. *Pope,* 117 N. C. 315, 23 S. E. 269.

It is not required that process be served on the sureties. They are presumed to be before the court when the court has undisputed jurisdiction of the principal obligor and the subject-matter. It is indeed not contended that they were not within the jurisdiction of the court wherein the agreed judgment was rendered, and because

their names are not signed to the judgment, it cannot be presumed that the sureties did not consent to the judgment. Some other ground than want of consent must be shown. *Clyburn* v. *Reynolds,* 31 S. C. 91. "A consent judgment cannot be impeached collaterally, but only by a direct proceeding for fraud." *Morris* v. *Patterson,* 105 S. E. 25; *Healey* v. *Deering,* 121 A. S. R. 338; *Adler* v. *Vankirk,* 62 A. S. R. 133; Freeman on Judgments; *Mayor, etc., City of Helena* v. *United States,* 104 Fed. 113.

## II.

It is sought to have the judgment declared void because it is not in the alternative for the return of the property or the value thereof in case the property cannot be returned. This agreed judgment is a money judgment and does not provide for the return of the property. While it is true that replevin judgments are generally required to be in the alternative, and our statute so provides, they are not void because of noncompliance with this general principle, but merely erroneous. Being merely erroneous, they are therefore not subject to collateral attack, and can only be remedied by appeal. 34 Cyc. 1546, 1547; *Fromlet* v. *Poor,* 29 N. E. 1081, 34 Cyc. 1541; *American Preserves Company* v. *Bishop,* 83 Ill. App. 439; Dec. Dig. Rep. (103). The judgment is not subject to a collateral attack. A very full discussion of this question is found in *Morrill* v. *Morrill,* 23 A. S. R. 95, and also in *Jackson* v. *Astor,* 39 Am. Dec. 281.

## III.

Counsel contends that this agreed judgment is void because the entire record in the original cause is not exhibited to the declaration of appellant. It is not necessary that this be done, because the purpose of this judgment was simply to show the fact of its own rendition, and the legal consequences which result from that fact. *Aron* v. *Chaffee,* 72 Miss. 159.

*Whittington & Bradford,* for appellees.

The demurrer of appellees challenged the validity of this judgment as not erroneous, but as a nullity *ab initio.* It is true as a general rule in this state, and at common law, that the legal presumption in favor of the jurisdiction of a court having general jurisdiction of a cause of action is conclusive, and its judgment cannot be collaterally attacked where no want of jurisdiction is apparent of record. Whenever the record of such a court is merely silent upon any matter, it will be presumed, notwithstanding such silence, that whatever ought to have been done was not only done, but that it was rightly done. Yet from a cursory examination of the judgment sued on in this cause, it will be observed that no presumption can be indulged in support of it. 15 R. C. L. 374, 896. "Legal presumptions do not come to the aid of records except as to acts or facts as to which the record is silent. Want of jurisdiction appears on the record whenever what was done is stated, and which having been done was not sufficient in law to give the court jurisdiction." *Hahn* v. *Kelly,* 34 Cal. 391; *Pioneer Land Company* v. *Maddux,* 109 Cal. 633, 50 A. S. R. 67; *St. Johns* v. *Holmes,* 20 Wend. (N. Y.) 609, 32 Am. Dec. 603. The purported judgment in this cause is conclusive against no one except J. L. Haley and he is not shown to be a party defendant in this case, nor any attorney for the defendants, or their agent or representative. "A judgment is inoperative against those who have not consented to, or authorized its entry." 15 R. C. L. 86, 643; 15 R. C. L. 316, 843; *McComb* v. *Doe* (Miss.), 8 S. & M. 505; *Enos* v. *Smith,* 7 S. & M. 85; *Campbell* v. *Brown,* 6 Howard, 106; 28 Cyc. 1059.

"The sureties on a replevin bond may be discharged from liability to the same extent as sureties upon other obligations by agreement between plaintiff and defendant to the injury of the sureties." 24 Am. & Eng. Ency. of Law 542. The whole record should have been an-

nexed to the declaration in this cause to show that the court had proper jurisdiction of all parties, and that no variance occurred between the pleadings, and the judgment. *Smith* v. *Frank Gardner Hardware & Supply Company,* 36 So. 9; Code of 1906, sec. 4233, Hemingway's Code, sec. 3062.

*R. C. McBee,* for appellant in reply.

It is too late to say that if Sorrell did not appear and plead, a judgment by default should have been taken and a writ of inquiry awarded. That may have been the proper judgment if he were absent, but this court is bound to presume, first, that he was present, and second, that he consented to the entry of this judgment. *Cannon* v. *Cooper,* 39 Miss. 784; *Henderson* v. *Winchester,* 31 Miss. 290. "The presumption that a judgment is correct exists wherever there is a possible state of facts which would justify the judgment." *Duncan* v. *McNeill,* 31 Miss. 704. The record doesn't show whether Sorrell consented or not. It doesn't show whether J. L. Haley was authorized to make the agreement for a judgment or not; on the strength of the above authorities, we say, in a collateral attack on the judgment this court is bound to presume that the possible state of facts existed that would render this judgment valid.

Sykes, P. J., delivered the opinion of the court.

The appellant, Starling, trustee, sued appellees (defendants) in the circuit court of Leflore county upon the following judgment rendered in Issaquena county:

"State of Mississippi, County of Issaquena.

"*Henry Starling, Trustee,* v. *J. L. Haley, Jr., et al.,*
No. 568.

"We agree that in the replevin case pending in the circuit court of Issaquena county, Miss., a judgment shall be rendered in favor of the plaintiff against the defend-

ants and the sureties upon the replevin bond for the sum of two thousand five hundred dollars.

"Said judgment to be as follows:

"By consent of plaintiff and defendants in this case, it is ordered and adjudged that the plaintiff, Henry Starling, Trustee, shall have of and recover from J. H. Sorrell, defendants, and H. B. Harper and Lucile Richburg, sureties upon the replevin bond, the sum of two thousand five hundred dollars and all costs herein expended; said judgment to bear six per cent. interest from March 6, 1922.

"It is further agreed that no execution shall issue against this judgment prior to December 1, 1922.

"It is further agreed that this judgment shall constitute no lien upon the property, real or personal, of J. L. Haley or J. L. Haley, Jr., known as the Smedes property located near Smedes Station, Sharkey county, Miss.

"This judgment shall be enrolled only in Issaquena county.

"Ordered, adjudged and decreed, this 6th day of March, 1922.

"It is agreed that this judgment shall be entered the first day of the circuit court of Issaquena county, Miss.

"Witness our signatures, this 28th day of February, 1922.

"PERCY & PERCY, Attorneys,<br>"J. L. HALEY."

This judgment was duly enrolled in Issaquena county.

Demurrers were filed by the defendants alleging that this judgment is void. The causes assigned are, first, because the judgment does not provide for the alternative return of the property in accordance with the statute relating to a judgment in replevin; that the declaration fails to make exhibits a certified copy of the entire record; that the sureties on the replevin bond are not shown to have agreed to this judgment.

These demurrers were sustained, plaintiff declined to amend, and judgment final was entered in favor of the

defendants. From which judgment this appeal is prosecuted.

The sole question here presented is whether or not this agreed or consent judgment is void upon its face.

It is the contention of the appellees that the judgment is void, and this fact is shown upon its face, because it does not affirmatively appear from the judgment that all parties, including the sureties on the replevin bond, appeared and consented to its rendition; neither does the authority of J. L. Haley to sign this agreement for the benefit of all parties affirmatively appear.

In legal effect there is no difference between a consent judgment and a judgment entered after a trial. The one is as legal and binding as the other when the court which rendered it has jurisdiction.

"Any judgment entered by consent where the court has full jurisdiction is as efficacious as though it had been entered after a trial of the issues, and is binding and conclusive between the parties and their privies, unless procured by fraud." 11 Enc. Pl. & Pr., p. 1028.

It is apparent from an examination of the judgment in this case that there was a written agreement entered into on the part of Percy & Percy, attorneys, and J. L. Haley, that a consent judgment should be entered the first day of the circuit court of Issaquena county, evidently after the agreement was consummated. This agreement does not show the authority of Haley. It is also apparent that it was only the intention of the parties to this agreement that the form of the judgment embodied therein should only be entered by the clerk as the judgment, and not for the entire agreement to be entered as the judgment. The judgment was entered in open court. It is to be presumed that the defendants were in court and that they knew and consented to the judgment. This is presumed from their silence.

Section 116, Freeman on Judgments (4th Ed.), states the rule about void judgments as follows:

"If a judgment is void, it must be from one or more

of the following causes: (1) Want of jurisdiction over the subject-matter; (2) want of jurisdiction over the parties to the action, or some of them; or (3) want of power to grant the relief contained in the judgment. In pronouncing judgments of the first and second classes, the court acts without jurisdiction, while in those of the third class it acts in excess of jurisdiction. If the want of jurisdiction over either the subject-matter or the person appears by the record, or by any other admissible evidence, there is no doubt that the judgment is void."

Testing the judgment by this rule, it is apparent that the court had jurisdiction over the parties, over the subject-matter, and had the power to grant the relief or enter the judgment.

The agreement shows what the consent judgment is to be, and those parts of this agreement both before and after the consent judgment are really surplusage. Whether Haley had or had not authority to make this agreement, the judgment was entered in open court, the defendants were in court, and it was their duty, if the judgment did not embody their agreement, to have objected then and there.

The presumption that a judgment is correct exists wherever there is a possible state of facts which would justify the judgment. *Duncan* v. *McNeill,* 31 Miss. 704; *Henderson* v. *Winchester,* 31 Miss. 290; *Cannon* v. *Cooper,* 39 Miss. 784, 80 Am. Dec. 101.

The judgment is not void against the sureties on the replevin bond. By signing the bond they became responsible and liable to satisfy any valid judgment rendered against the principal.

"One who becomes surety on a replevin bond thereby becomes a joint debtor with the principal obligor, and ordinarily his undertaking extends to all proceedings and adjudications in the same action through every court to which it may be carried by appeal in case the party giving the undertaking is finally defeated." 34 Cyc., p. 1582.

"The general rule as to the conclusiveness upon the surety on a bond given in the course of legal proceedings, of a judgment against the principal, applies to a surety upon a replevin bond, and he is conclusively bound by the judgment against the principal as to all matters which were, or might have been, litigated in the main action, although he was not served with process and did not appear and defend, and the surety cannot question the judgment upon any other ground than fraud or mistake," etc. 34 Cyc. 1585, 1586.

To the same effect is Freeman on Judgments (4th Ed.) section 180.

The sureties on the replevin bond were in court subject to the orders and judgments of the court to the same extent as were the principal obligors in the bond.

While the statute provides that the judgment should be in the alternative for the return of the property, yet the omission from the judgment of a provision for its return does not render the judgment void but only makes it irregular. It is within the power of the defendant to waive this provision and agree only to the rendition of a money judgment. Where a consent judgment is entered only for an amount of money, it will be conclusively presumed that the defendant by consent thereto waived his right to the alternative return of the property.

"The mere fact, however, that there is no judgment for a return of the property nor for its value if a return cannot be had, does not render the judgment void or subject to collateral attack, for defendant may have waived the right to a return of the property." 34 Cyc. 1546, 1547.

The judgment in this case is not void upon its face, and the demurrers should have been overruled.

The judgment of the lower court is reversed, the demurrers of the defendants are overruled, and the cause is remanded, with leave to the defendants to plead.

*Reversed and remanded.*