Captain Alan Haney Office of Professional Standards Fort Smith Police Department 100 South 10th Street Fort Smith, AR 72901
Dear Captain Haney:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B) (a section of the Freedom of Information Act ("FOIA")), concerning the release of a police officer's personnel file and any disciplinary action taken against him within the last year, in response to an FOIA request from Judith Hansen of the TIMES RECORD, a local newspaper. In addition to the original request from the TIMES RECORD and your notice to the employee in question, you have forwarded a copy of the employee's memorandum objecting to release of the requested documents asserting a belief that his personnel file is of "no public interest and mostly personal in nature."
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether the decision of the custodian of records as to the release of personnel or evaluation records is consistent with the FOIA. The applicable provision of the Freedom of Information Act, A.C.A. §25-19-105(c)(3)(A) requires the custodian to "determine within twenty-four (24) hours of the receipt of the request whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision." (Emphasis added). Subsection (c)(3)(B)(i) authorizes the custodian, requester or the subject of personnel or evaluation records to seek an opinion from the Attorney General as to "whether the decision is consistent with this chapter." (Emphasis added).
In this case, you have not indicated that a decision has been made regarding release of the requested records. In addition I have not been provided with copies of the requested records, and therefore cannot opine definitively concerning the release of any particular record. For this reason, I am unable to fully perform my statutory duty in this regard. I will set out below, however, some discussion of the applicable law, which should aid the Department in responding to the matter. I suggest you also consult the legal counsel to whom the police department normally looks for legal advice to determine how to respond to this request.
The FOIA requires certain public records to be open to inspection and copying by citizens but also provides a lengthy list of records that are shielded from public inspection. In this instance, the records at issue are those in a "personnel file . . . inclusive of any disciplinary actions within the past year."
In order to determine whether the documents contained in the requested personnel file are releasable, it will be necessary to determine the proper classification of those documents. Personnel files typically contain documents that constitute either "personnel records" or "job performance/employee evaluation records" within the meaning of the FOIA.
Although the FOIA does not define the term "personnel records," as used therein, this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records (discussed below) that relate to the individual employee. In addition, the FOIA does not define the term "employee evaluation or job performance record," as used therein, nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. The applicable tests for disclosure of these records are set out below.
The Disclosability Standard for Personnel Records
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(12).
What is a "Clearly Unwarranted Invasion of Personal Privacy"?
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)[(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)[(12)] requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)[(12)] allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598.
As the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), however, when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. Again, the question of whether the records at issue here contain disclosable information under this standard is a question of fact that must be made in the first instance by the custodian of the records. A number of documents contained in personnel files are typically releasable under this standard, with appropriate redactions. Over the years, the Attorney General's Office has issued numerous opinions discussing the public nature of various types of documents contained in personnel files. Recent opinions on this topic are posted on our official website (www.ag.state.ar.us) and may assist the Department and its counsel in making determinations as to particular records. The fact that the employee considers the "items in his personnel file to be of no public interest and mostly personal in nature" is irrelevant to the Department's decision with regard to release of the records. See, e.g.,
Ops. Att'y Gen. 2004-258; 2001-112; 2001-022; 94-198; 94-178; and 93-055.
The Standard of Disclosability for Employee Evaluation/Job PerformanceRecords
Some of the records in the requested personnel file may constitute "employee evaluation or job performance records." Under the FOIA, "employee evaluation or job performance records" are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. If there has been a final administrative resolution of a suspension or termination within the applicable time period covered by the request and records exist that formed a basis for the decision made in that proceeding to suspend or terminate the employee, the public nature of any records depends upon whether there is a compelling public interest in disclosure.
What is a "Compelling Public Interest"?
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Leading commentators on the FOIA have provided some guidelines for determining whether such an interest exists.See Watkins and Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, m m press, 4th ed. 2004. The authors state: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins and Peltz, Id. at 205. Watkins and Peltz also point out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins and Peltz, Id. at 204-205. In this regard, Watkins and Peltz also state: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins and Peltz, Id. at 207. Watkins and Peltz also note that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins and Peltz, Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information. Any employee evaluation or job performance records that may be in the requested personnel file can be released only if the custodian has determined factually that there was a suspension or termination, that the records in question formed the basis for that suspension or termination, and that there is a compelling public interest in release of the records.
Finally, I also note that the FOIA provides a specific exemption for the home addresses of non-elected state, county and municipal employees as they appear in employers' records. A.C.A. § 25-19-105(b)(13). Additionally, I reiterate that the custodian should scrutinize the records for the purpose of identifying any information that might be subject to a special exemption from disclosure under the FOIA. See,e.g., A.C.A. § 25-19-105(b)(2) (medical and education records). See also
Op. Att'y Gen. 2003-320 (social security numbers). Any such information that is identified should be redacted from these documents prior to their release along with information which would constitute a "clearly unwarranted invasion of personal privacy" under A.C.A. §25-19-105(b)(12).
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh