Detective Joseph Barnes Fort Smith Police Department 100 South 10th Street Fort Smith, Arkansas 72901
Dear Detective Barnes:
I am writing in response to your request for an opinion on the propriety of the records custodian's decision in response to a Freedom of Information Act (FOIA) request. Accordingly, this opinion is in issued pursuant to the duty created by A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007).
It is my understanding that a request has been made for "the completed investigations of any officer who was suspended or fired from [January] 2007 to [February 12, 2009.]" In response to this request, you indicate that the records custodian intends to release "your file." Upon inquiry, however, I have learned that the "file" you refer to contains only documents that constitute employee evaluation or job performance records.
You indicate that the custodian intends to "withhold your name and medical records" from the documents released in response to the request. Nevertheless, you believe "releasing [your] file even without this information will be detrimental to [you]" because "[o]ne would still be able to obtain information/possible medical information about [you] by viewing the file." More specifically, you indicate the "disciplinary action taken against [you] has medical undertones pertaining to it."
RESPONSE
Not having seen the actual records in question, or been apprised of sufficient surrounding facts, I cannot definitively opine about the release or redaction of specific records. Assuming, however, that the requested records are disciplinary *Page 2 
records that constitute "employee evaluation or job performance records" under the FOIA, the test for release of the records involves three elements: finality, relevance, and a "compelling public interest" in disclosure. A.C.A. § 25-19-105(c)(1) (Supp. 2007). This test is discussed further below. In this regard, I note your statement that the custodian intends to release the records with your name redacted. For the reasons explained below, the decision to redact your name is, in my opinion, likely inconsistent with the FOIA if the records constitute employee evaluation or job performance records. While some specific exceptions might come into play when determining whether an evaluation or job performance record is subject to release in its entirety, in my opinion there generally is no authority for redacting an employee's name from such a record before its release.
Additionally, with regard to any "medical records" that might be included in the file, the FOIA clearly prohibits the release of any records falling within this exemption, the test for which is outlined below. It must be recognized, however, that the custodian is not permitted to release "medical records" with names redacted. Instead, such records are exempt from disclosure in their entirety, and should be removed from the file before any of the records are released. Op. Att'y Gen. 2007-307. If there are no actual "medical records" in the file, but instead the documents include some medically-related information, it is perhaps conceivable that constitutional privacy concerns would require redaction of that information. However, if the test for the release of the remainder of the job performance/evaluation records is met, then in my opinion the remaining portion must be released, including the employee's name.
DISCUSSION
Every analysis of whether certain records are subject to the FOIA proceeds along similar lines. The first two issues are whether the entity and documents requested are subject to the FOIA. The entity is clearly subject to the FOIA as the entity is a police department. We must also determine whether the documents requested constitute public records. Because the documents at issue in this request are disciplinary records, and that I have not been presented with anything to overturn the presumption in favor of their being "public records," I conclude the documents requested are public records.
After the threshold determination is made that the entity and documents are subject to the FOIA, the documents must be released unless a specific exception *Page 3 
precludes their release. Because I lack sufficient facts, I am constrained by the facts revealed in your request, which reference "medical information" and documents that might be employee evaluation and job performance records. These two references required me to analyze the exceptions for medical-records and employee evaluations or job performance records.
Finally, I must address the custodian's decision to redact your name. Upon inquiry, I have learned that the custodian intends to redact the names of all officers who are the subject of the request. After analyzing the possible bases for this decision, I conclude that the custodian's decision to redact your name is likely inconsistent with the FOIA.
1. Public records. The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). Given that the record(s) at issue are kept by the police department and the subject matter involves the suspension of a police department employee, I believe the record(s) clearly qualify as "public records" under this definition.
Given that the records are public, they can only be withheld if an exception prohibits their disclosure. As one of my predecessors noted in Op. Att'y Gen. 1999-305: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Arkansas GazetteCompany v. Goodwin, 304 Ark. 204, 801 S.W.2d 284 (1990). It appears from the limited information before me that I must analyze two possible *Page 4 
exceptions: the exception for "employee evaluation or job performance records"[1] and the medical-records exception. Neither exception shields the records from disclosure, in my opinion.
2. Medical-records exception. Your request indicates that the "disciplinary action taken against [you] has medical undertones pertaining to it." One of the exceptions that would preclude the disclosure of public records is the so-called, medical-records exception. A.C.A. § 25-19-105(b)(2) (Supp. 2007). The FOIA does not define the term "medical records" and the Arkansas Supreme Court has not had occasion to interpret the term. This office has previously opined that the term "medical records" in the context of the FOIA "encompasses records which have a relationship to the diagnosis or treatment of a medical condition." Op. Att'y Gen. 96-203. Documents prepared by medical personnel for the purpose of diagnosing or treating an individual are clearly medical records. Therefore, the FOIA prohibits the custodian from releasing documents prepared by medical personnel that were intended to diagnose or treat a medical condition. Not having seen any of the records that the custodian intends to release, I cannot determine whether any of the documents qualify as "medical records."
While the treatment of medical records is clear, the FOIA is less clear about how to treat medical information contained in a non-medical record. However, this office has opined that the medical-records exemption requires more than mere inclusion on a document of some medically-related information. E.g., Op. Att'y Gen. 2007-307. I have previously opined that the medical-records exemption, like all other FOIA exemptions must be narrowly construed. Id. Accordingly, for a document to qualify for this exemption, it must relate to a diagnosis or treatment of a medical condition. Not having seen the records, I cannot opine as to whether the documents that are to be released contain medical records (which would prohibit disclosure) or medical information (which would not prohibit disclosure).
3. Employee-evaluation exception. Similarly, the FOIA does not define the term "employee evaluation or job performance records," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the *Page 5 
performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. E.g., Op. Att'y Gen. Nos. 2006-035; 2005-030; 2004-211; 2003-073; 1998-006. To fall within this classification, the record must have been created for the purpose of evaluating the employee. E.g., Op. Att'y Gen. 2004-012.
Because I have not seen the actual documents at issue, I cannot definitively opine about whether they meet the definition of an employee evaluation or job performance record. Nevertheless, given your statements it appears each of these elements is met, which qualifies these documents as employee evaluation and job performance records. Your only concern appears to be with the "medical information" contained in the record or that can be gleaned from it, not with whether the document actually qualifies as an employee evaluation or job performance record.
Once the custodian determines that a public record can be defined as "employee evaluation or job performance records," the document must meet a strict test before it may be released. Specifically, the document must meet all three of the following conditions:
 1. There has been a final administrative resolution of any suspension or termination proceeding (finality);
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (relevance); and
 3. There is a compelling public interest in the disclosure of the records in question (compelling interest).
A.C.A. § 25-19-105(c)(1) (Supp. 2007); Op. Att'y Gen. 2008-065
(indicating the document must meet all three elements). The relevance prong of the test — whether the requested records "formed a basis" for suspension — is met if the records detail the incidents or conduct that led to the suspension. E.g., Ops. Att'y Gen. 2008-049 (stating that "[t]o the extent the custodian has determined as a factual matter, that . . . documents `form[ed] a basis' for the suspension decision . . . this prong of the above test has been met."), 2002-158, 2001-144. Given my *Page 6 
understanding of the nature of these documents, which is noted above, all the records the custodian intends to release meet the first two elements.
The only remaining question is whether element three is met. The FOIA at no point defines the phrase "compelling public interest." However, two leading commentators on the FOIA have provided some guidelines for making the factual determination whether such an interest exists.See J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004). The authors state, for instance: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ."Id. at 205. They further observe: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ."Id. at 204, 205. Elaborating on this point, they remark: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 207. They additionally note that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists.Id. at 206 (remarking that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue."). However, Professors Watkins and Peltz note that "[i]n some cases . . . rank is unrelated to importance" — a proposition they illustrate by suggesting that "[t]he public has a great interest in the performance of police officers and other law enforcement officials, and in this case the `cop on the beat' is just as important as the chief of police." Id. at 207.
Whether the public has a compelling interest in particular records is clearly one of fact that the custodian must determine on a case-by-case basis by referencing all of the relevant information. This office has repeatedly opined that, in certain situations, a compelling public interest exists in the disclosure of documents containing certain categories of information. E.g., Ops. Att'y Gen. 2001-144
(use/possession of drugs); 2003-257, 97-190 and 97-177 (arrests and/or convictions); 2003-072, 2001-343, 98-210, 98-075, 97-400 and 92-319 (violation of safety rules). However, neither I nor any of my predecessors have opined that only these categories of information could give rise to a compelling public interest *Page 7 
favoring disclosure. In my opinion, regardless of what category of information a document contains, in order to determine whether a compelling public interest exists in its disclosure, the custodian must conduct a detailed review of the document considering the factors discussed in my previous paragraph.
Because I have not seen any specific documents, I cannot determine whether any of the documents fall into the above categories where a compelling public interest favors disclosure. Because I have not received any documents that indicate the custodian's decision and the determination of whether a compelling public interest exists is so fact-based, I cannot definitely determine whether the exception for employee evaluation and job performance exception precludes disclosure. Thus, I am unable to say whether the custodian's decision is consistent with the FOIA.
4. Redacting names. Your request also indicates the records custodian intends to "withhold [your] name" from the documents released. Upon inquiry, I have learned that the custodian intends to release documents he believes are responsive to the request and redact the names. In my opinion, this decision is likely inconsistent with the FOIA.
The basis for the statutory custodian's decision to redact names is unclear. Neither the exception for medical records nor the exception for employee evaluation and job performance records permit the custodian to redact individuals' names. In the case of medical records, the entire records must be shielded from disclosure, not just the patient's name. In the case of employee evaluation and job performance, if the documents fail the test for being shielded from disclosure, then they must be disclosed in their entirety with no redactions. E.g., Op. Att'y Gen.2005-233.
While the test for employee evaluation or job performance records does not include a balancing or personal privacy, it is conceivable that some constitutional privacy concerns could come into play in certain instances. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information.McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909
(1989).[2] *Page 8 
The Arkansas Supreme Court explained this constitutional privacy interest in McCambridge. There, the court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. Commenting on this three-step analysis, two FOIA commentators explain:
 Only information that is "extremely personal" in nature is likely to satisfy the third prong of the McCambridge test. As the U.S. Court of Appeals for the Eighth Circuit has observed, the constitutional right to privacy extends "only to highly personal matters representing the most intimate aspects of human affairs." The information must be such that its disclosure would be "either a shocking degradation or an egregious humiliation of [the individual] to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information." Although this standard is not easily met, medical records and information relating to a person's finances or marriage may qualify.
Watkins Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004) at 243-44 (footnotes omitted), quotingEagle v. Morgan, 88 F.3d 620 (8th Cir. 1996) andAlexander v. Peffer, 993 F.2d 1348 (8th Cir. 1993); andciting Sheets v. Salt Lake County, 45 F.3d 1383 (10th
Cir. 1995); and Walls v. City of Petersberg, 895 F.2d 188
(4th Cir. 1990). I lack sufficient information to assess whether this interest is implicated in the documents the custodian intends to release.
5. Conclusion. In summary, because I have not reviewed the records in question, I cannot render any definitive decision about the custodian's decision. I can, however, explain the law governing their release in general. Given the limited facts contained in your request, I cannot determine whether the medical-records exemption protects some or all your records from being released. If the records go *Page 9 
beyond mere medical information to relate to a diagnosis or treatment, however, the document should not be released.
As for whether the exemption for employee evaluation or job performance records shields some or all of your records from disclosure, I cannot assess the custodian's decision because I have not been presented with it. Nevertheless, it appears the issue with this exemption turns on whether there is a compelling public interest in the records the custodian intends to release. Given that this issue is so highly fact based, and I lack the basic facts regarding the records the custodian intends to release, I cannot determine whether the custodian's decision is consistent with the FOIA.
The custodian's decision to redact your name does not appear consistent with the FOIA, in my opinion. Neither the medical records exception nor the exception for employee evaluation and job performance records permits the names be redacted. Instead, if the names are being redacted under some privacy consideration, that privacy consideration must meet the McCambridge test explained above.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] A.C.A. § 25-19-105(c)(1) (Supp. 2007). See Ark. Op. Att'y Gen.2001-343 (observing that records reflecting disciplinary action taken for employee misconduct will generally constitute "employee evaluation or job performance records" under the FOIA.) See also Op. Att'y Gen.2000-179 (and opinions cited therein.)
[2] The constitutional right to privacy is sometimes implicated where the statutory test for release of employee evaluation and job performance records has been met, because that statutory test, unlike the test for the release of "personnel records" does not already include a built-in weighing or consideration of the employee's privacy rights once the threshold requirements of a final suspension or termination have been established. The statutory exemption provides in that event only for consideration of the public's interest and whether it is "compelling." *Page 1