Mr. Michael Isaac Fort Smith Police Department 100 South 10th Street Fort Smith, Arkansas 72901
Dear Mr. Isaac:
I am writing in response to your request for an opinion on the propriety of the records custodian's decision in response to a Freedom of Information Act (FOIA) request. Accordingly, this opinion is in issued pursuant to the duty created by A.C.A. § 25-19-105(c)(3(B) (Supp. 2007).
Having reviewed the FOIA request, it is my understanding that the requester seeks the completed investigations of any officer who was suspended or fired from January 2007 to February 12, 2009. You state that the records custodian has decided to release your "file," but intends to redact your name from the documents. You further explain that one suspension occurred in 2005, the other in 2008. You object to the release of your "file" for two reasons. First, you indicate that the documents detailing your suspensions have already been made public: "[B]oth of my suspensions have already been released to the news stations and to the Southwest Times Record. All the reporter . . . would have to do is research their files. . . ." Second, you indicate that you believe the requester has some kind of a vindictive or malicious motive.
RESPONSE
Not having seen the actual records in question, or been sufficiently apprised of the surrounding facts, I cannot definitively opine about the release or redaction of *Page 2 
specific records.[1] Assuming, however, that the requested records are disciplinary records that constitute "employee evaluation or job performance records" under the FOIA, [2] the test for release of the records involves three elements: finality, relevance, and a "compelling public interest" in disclosure. A.C.A. 25-19-105(c)(1) (Supp. 2007). This test is discussed further below. With regard to the particular objections you have raised to the release of the records, it is my opinion that neither objection is sufficient to shield the documents from disclosure. Additionally, for the reasons explained below, the decision to redact your name from the records is in my opinion likely inconsistent with the FOIA if the records indeed constitute employee evaluation or job performance records. While some specific exceptions might come into play when determining whether an evaluation or job performance record is subject to release in its entirety, in my opinion there generally is no authority for redacting an employee's name from such a record prior to its release.
DISCUSSION
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). *Page 3 
Given that the record(s) at issue are kept by the police department and the subject matter involves the suspension of a police department employee, I believe the records(s) clearly qualify as "public records" under this definition. Accordingly, they can only be withheld if an exception prohibits their disclosure. As one of my predecessors noted: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Op. Att'y Gen. 1999-305; Arkansas Gazette Companyv. Goodwin, 304 Ark. 204, 801 S.W.2d 284 (1990).
It appears from the limited information before me that the pertinent exemption in this instance is the one for "employee evaluation or job performance records," found at A.C.A. 25-19-105(c)(1) (Supp. 2007). The FOIA does not define the term "employee evaluation or job performance records," but this office has consistently taken the position that these terms refer to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job. Op. Att'y Gen. 2004-012 (and opinions cited therein). It includes records that were generated as part of an investigation of allegations of the misconduct of an employee, and that detail incidents that gave rise to an allegation of misconduct.Id.
Because I have not seen the actual documents at issue, I cannot definitively determine whether they meet this definition. Assuming, however, that they do, then a three-part test applies to their release:
 1. There has been a final administrative resolution of any suspension or termination proceeding (finality);
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (relevance); and
 3. There is a compelling public interest in the disclosure of the records in question (compelling interest).
A.C.A. § 25-19-105(c)(1) (Supp. 2007). All three of the conditions must be present before an evaluation or job performance record may be released. Op. Att'y Gen. 2008-065. *Page 4 
It seems clear with regard to the particular suspension at issue that the so-called "finality" element is met. The so-called "relevance" prong of the test — whether the requested records "formed a basis" for a suspension — is met if the record(s) detail the incidents or conduct that led to the suspension. E.g., Ops. Att'y Gen. 2008-049 (stating that "[t]o the extent the custodian has determined as a factual matter, that . . . documents `form[ed] a basis' for the suspension decision . . . this prong of the above test has been met."), 2002-158, 2001-144. As stated in Op. Att'y Gen. 2005-175, "[t]his office has concluded on various occasions that any document up to and including a notice of suspension or termination that details the reasons for the disciplinary action should be deemed to have `formed a basis' for that action.See, e.g., Ops. Att'y Gen. 2005-112, 2005-030, 2003-381, 2002-158, 2002-144, 97-415, and 95-171."
The only remaining question is whether element three is met. The FOIA at no point defines the phrase "compelling public interest." However, two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004), at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more *Page 5 
likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") With regard specifically to allegations of police misconduct, I noted as follows in Op. Att'y Gen. No. 2007-206:
 I and my predecessors have previously stated . . . on this general topic that a compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. See Op. Att'y Gen. 2006-106. If the prior disciplinary records reflect a suspension based on this type of infraction, a strong case for the finding of a compelling public interest exists.
This office has repeatedly opined that, in certain situations, a compelling public interest exists in the disclosure of documents containing certain categories of information. E.g., Ops. Att'y Gen.2001-144 (use/possession of drugs); 2003-257, 97-190 and 97-177 (arrests and/or convictions); 2003-072, 2001-343, 98-210, 98-075, 97-400 and 92-319 (violation of safety rules). However, neither I nor any of my predecessors have opined that only these categories of information could give rise to a compelling public interest favoring disclosure. In my opinion, regardless of what category of information a document contains, in order to determine whether a compelling public interest exists in its disclosure, the custodian must conduct a detailed review of the document considering the factors discussed above. The existence of a "compelling public interest" in disclosure will necessarily depend upon all of the surrounding facts and circumstances in each case.
Because I have not seen any specific documents or been specifically apprised on the custodian's determination concerning the "compelling public interest" element, I cannot determine whether this element is met with respect to any particular record. Assuming, however, that this element (and the other two elements) are met in this case, you nevertheless have raised two other objections to disclosure. First, you argue that the documents requested have already been made public and all the requestor would need to do is find them. As explained above, unless some specific exception precludes a public record from being disclosed, the record must be disclosed in response to a proper FOIA request. In my opinion, the fact that the requested documents have already been made public or are available through additional research is not a valid basis for denying a request for the records, if the applicable test for their release is met. Your second objection, *Page 6 
which relates to the requester's motives, is also ineffective because the motive of the FOIA requester is generally irrelevant to the analysis. Op. Att'y Gen. Nos. 2008-138 and 2006-142.
Finally, you have stated that the records custodian intends to "withhold [your] name" from the documents released. The precise basis for the statutory custodian's decision to redact names is unclear. I must note, however, that the exception for employee evaluation and job performance records makes no provision for redacting individuals' names.E.g., Op. Att'y Gen. 2005-233. Indeed, to the contrary, the identity of the individual would seem central to the determination of whether a compelling public interest exists. Accordingly, redacting the name of the subject of the record would seemingly largely negate the public's interest and frustrate the purpose of the requirement to release qualified employee evaluations and job performance records. Consequently, if the documents meet the test for the disclosure of evaluation/job performance records, then as a general rule they must be disclosed in their entirety with no redactions. Id. Op. 2005-233.[3]
If, on the other hand, the test for release is not met, then the records are exempt from disclosure in their entirety.
In conclusion, because I have not reviewed the actual records in question or been sufficiently apprised of the surrounding facts, I cannot render any definitive opinion regarding the custodian's decision. I have, however, explained the general law governing the records' release. In my opinion, the two objections you have raised are not a basis for shielding them from disclosure. Additionally, regarding the custodian's decision to redact your name, in my opinion this does not appear consistent with the FOIA. If the documents meet the test for the disclosure of evaluation/job performance records, then as a general rule they must be disclosed in their entirety with no redactions. *Page 7 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] I will note that records pertaining to the 2005 suspension do not appear to be encompassed in the request, which only seeks completed investigations from January 2007 to February 2009. Thus, this discussion only relates to the 2008 suspension.
[2] See Ark. Op. Att'y Gen. 2001-343 (observing that records reflecting disciplinary action taken for employee misconduct will generally constitute "employee evaluation or job performance records" under the FOIA.) See also Op. Att'y Gen. 2000-179 (and opinions cited therein.)
[3] It should perhaps be noted that the constitutional right to privacy can conceivably be implicated with respect to evaluation and job performance records. Unlike with respect to "personnel records," A.C.A. § 25-19-105(b)(12), the test for the release of "employee evaluation or job performance records" does not include a built-in weighing or consideration of the employee's privacy rights. However, the Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). Because I have no information to suggest that the records at issue might fall into this category, I will not further elaborate upon the applicable test. You may wish to refer to the following resource for more guidance: THE ARKANSAS FREEDOM OF INFORMATION ACT, supra at 243-244 (footnotes omitted), quoting Eagle v.Morgan, 88 F.3d 620 (8th Cir. 1996) and Alexander v.Peffer, 993 F.2d 1348 (8th Cir. 1993); and citing Sheetsv. Salt Lake County, 45 F.3d 1383 (10th Cir. 1995); andWalls v. City of Petersberg, 895 F.2d 188 (4th Cir. 1990). *Page 1