Mr. Billy Moore c/o Fort Smith Police Department 100 South 10th Street Fort Smith, Arkansas 72901
Dear Mr. Moore:
I am writing in response to your request for an opinion on the propriety of the records custodian's decision in response to a Freedom of Information Act (FOIA) request. Accordingly, this opinion is issued pursuant to the duty created by A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007).
Having reviewed the FOIA request, it is my understanding that the requester seeks the completed investigations of any officer who was suspended or fired from January 2007 to February 12, 2009. You state that the records custodian has decided to release your "file."[1] You object to its release for two reasons. First, you believe the public lacks a compelling interest in the documents, though you do not say why. Second, you believe the requestor has some kind of vindictive or malicious motive.
RESPONSE
Not having seen the actual records in question, I cannot definitively opine about the release of specific records. If some or all the documents constitute "personnel records," however, they are open to public inspection unless their release constitutes a clearly unwarranted invasion of personal privacy. E.g., Op. Att'y Gen. 2008-004. If, however, some or all of the documents constitute "employee *Page 2 
evaluation or job performance records," the test for release of the records involves three elements: finality, relevance, and a "compelling public interest" in disclosure. A.C.A. 25-19-105(c)(1) (Supp. 2007). Both tests are discussed further below. Assuming that some or all the documents can be classified as either personnel records or employee evaluation or job performance records, the custodian would need to assess all the surrounding facts to determine whether the applicable tests are met. Assuming the appropriate tests for release were met, neither of your objections would prevent their release.
DISCUSSION
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007).
Given that the record(s) at issue are kept by the police department and the subject matter involves the suspension of a police department employee, I believe the records(s) clearly qualify as "public records" under this definition. Accordingly, they can only be withheld if an exception prohibits their disclosure. As one of my predecessors noted: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Op. Att'y Gen. 1999-305; Arkansas Gazette Companyv. Goodwin, 304 Ark. 204, 801 S.W.2d 284 (1990). *Page 3 
Given that my statutory authority only extends to a review of the custodian's decision with respect to "a request for the examination or copying of personnel or evaluation records," I will explain the law relevant to those two types of records. A.C.A. § 25-19-105(c)(3)(A) (Supp. 2007). The exemption for personnel records is found at A.C.A. § 25-19-105(b)(12) (Supp. 2007). The exemption for employee evaluation or job performance records is found at A.C.A. 25-19-105(c)(1) (Supp. 2007). While the FOIA does not define either term, this office has consistently taken the position that "personnel records" are any records other than employee evaluation or job performance records that relate to the individual employee. E.g., Op. Att'y Gen. Nos. 2008-004, 2006-071. Similarly, with respect to "employee evaluation or job performance records," although this phrase is not defined in the FOIA, this office has consistently taken the position that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job. Op. Att'y Gen. 2004-012 (and opinions cited therein). This exemption includes records that were generated as part of an investigation of allegations of the misconduct of an employee, and that detail incidents that gave rise to an allegation of misconduct. Id.
Because I have not seen the actual documents at issue, I cannot definitively determine whether they meet either definition. Assuming, however, that some or all the documents qualify as "personnel records," they must be released unless their release constitutes a clearly unwarranted invasion of personal privacy. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted inYoung:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) *Page 4 
allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. Op. Att'y Gen. Nos. 2008-004, 2001-112, 2001-022. The test is an objective one.E.g., Op. Att'y Gen. Nos. 2008-004, 96-133. because I have not reviewed the records the custodian intends to release, I cannot assess whether these documents constitute personnel records or, if they do, whether their release would constitute a clearly unwarranted invasion of your personal privacy.
If some or all the documents constitute employee evaluation or job performance records, however, a different test applies to their release. In that situation, the records cannot be released unless the following elements have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding (finality);
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (relevance); and
 3. There is a compelling public interest in the disclosure of the records in question (compelling interest).
A.C.A. § 25-19-105(c)(1) (Supp. 2007). All three of the conditions must be present before an evaluation or job performance record may be released. Op. Att'y Gen. 2008-065.
The only portion of this test you argue is not met is the third element. The FOIA at no point defines the phrase "compelling public interest." However, two leading *Page 5 
commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004), at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") With regard specifically to allegations of police misconduct, I noted as follows in Op. Att'y Gen. No. 2007-206:
 I and my predecessors have previously stated . . . on this general topic that a compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. See Op. Att'y Gen. 2006-106. If the prior disciplinary records reflect a suspension based on this type of infraction, a strong case for the finding of a compelling public interest exists.
This office has repeatedly opined that, in certain situations, a compelling public interest exists in the disclosure of documents containing certain categories of *Page 6 
information. E.g., Ops. Att'y Gen. 2001-144 (use/possession of drugs); 2003-257, 97-190 and 97-177 (arrests and/or convictions); 2003-072, 2001-343, 98-210, 98-075, 97-400 and 92-319 (violation of safety rules). However, neither I nor any of my predecessors have opined thatonly these categories of information could give rise to a compelling public interest favoring disclosure. In my opinion, regardless of what category of information a document contains, in order to determine whether a compelling public interest exists in its disclosure, the custodian must conduct a detailed review of the document considering the factors discussed above. The existence of a "compelling public interest" in disclosure will necessarily depend upon all of the surrounding facts and circumstances in each case.
Because I have not seen any specific documents or been specifically apprised of all the relevant facts, I cannot determine whether this element is met with respect to any particular record. Your second argument, which references the requestor's motive, is not relevant to a FOIA analysis, in my opinion. The requester's purpose or motive is usually irrelevant to the FOIA analysis. The requestor's purpose or motive has no bearing on whether a record is considered public in the first instance. Nor is it usually relevant to whether the test for exempting "personnel records" or "employee evaluation or job performance records" is met. The requestor's motive or individual purpose typically does not make it more or less likely that a document's release constitutes a clearly unwarranted invasion of personal privacy (in the case of personnel records). See Op. Att'y Gen. 2008-090. Similarly, in the case of employee evaluation or job performance records, therequester's motive or individual purpose does not make it more or less likely that the public has a compelling interest in the documents. The test for the release of public records usually must be conducted without reference to the requestor's particular motive or purpose.
In conclusion, because I have not reviewed the actual records in question or been sufficiently apprised of the surrounding facts, I cannot render any definitive opinion regarding the custodian's decision. I have, however, explained the general law governing the records' release. In my opinion, the custodian would need to consider all the applicable facts to determine whether the records should be released. *Page 7 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:RO/cyh
[1] While you also indicate that the custodian intends to release your documents with your name redacted, it is my understanding that, for the reasons stated in Op. Att'y Gen. Nos. 2009-021, the custodian has decided to release your records without redacting your name. *Page 1